UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER EZEH,

           Plaintiff,

v.

VA MEDICAL CENTER, CANANDAIGUA,
NY, et al.,

           Defendants.

**DECISION AND ORDER**

13-cv-6563 EAW

---

## BACKGROUND

On April 17, 2017, *pro se* Plaintiff Christopher Ezeh filed a document entitled "Notice of Motion and Motion" in which he requested that the Court enter a default judgment as to Defendant VA Medical Center, Canandaigua, NY. (Dkt. 44). The Clerk of Court's office correctly docketed this document as a request for a Clerk's entry of default. *See Davis v. Castleberry,* No. 03-CV-6501L, 2004 WL 1737368, at *1 (W.D.N.Y. Aug. 2, 2004) (document erroneously labeled by *pro se* litigant as a motion for default judgment should have been filed as a motion for Clerk's entry of default because "[a] Clerk's entry of default is a prerequisite under Federal Rule of Civil Procedure 55(a) to the Court's consideration of a motion for a default judgment"). The Clerk of Court's office denied Plaintiff's request for an entry of default on April 21, 2014.

On April 28, 2014, Plaintiff sent a letter to the Court protesting the Clerk of Court's denial of his request and asking that Defendants be directed to respond to his

motion. (Dkt. 48). The Court deems this letter a second motion for a default judgment and, for the reasons set forth below, denies the motion.

## DISCUSSION

> Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain an entry of default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention. In such circumstances Rule 55(a) empowers the clerk of court to enter a default. The next step requires the plaintiff to seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear. In all other cases Rule 55(b)(2) governs. It requires a party seeking a judgment by default to apply to the court for entry of a default judgment.

*Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011).

Here, Plaintiff purports to seek a default judgment as to Defendant VA Medical Center, Canandaigua, NY (the "Medical Center"), yet he has not satisfied Rule 55(a) by obtaining a Clerk's entry of default. Moreover, the Clerk of Court's office properly denied Plaintiff's request for a Clerk's entry of default.

The Medical Center has not defaulted. Under Fed. R. Civ. P. 12(a)(2), "[t]he United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2). In this case, the U.S. Attorney was served on December 5, 2013. (Dkt. 7). The Medical Center's response to the complaint was therefore initially due on February 3, 2014. However, on January 28, 2014, the Honorable Charles J. Siragusa, United States District

Judge, entered a letter order setting a "uniform date to answer or otherwise respond to the Complaint of **April 4, 2014**." (Dkt. 18) (emphasis in original).

In a previous motion, Plaintiff argued that the January 28, 2014, letter order did not apply to the Medical Center. (Dkt. 24 at 6). The Court rejected this argument in its order dated March 21, 2014, which provides in relevant part:

> The Court deems Judge Siragusa's Letter Order of January 28, 2014 (Doc. 18), extending the deadline to answer or otherwise appear to April 4, 2014, as applying to defendant VA Medical Center, Canandaigua, NY. In the alternative, the Court deems [Assistant United States Attorney Kathryn L. Smith's] letter dated January 24, 2014 (Doc. 18) as a request for an extension of time to answer or otherwise appear on behalf of defendant VA Medical Center, Canandaigua, NY, and the Court grants said request pursuant to Fed. R. Civ. P. 6(b), and sets April 4, 2014, as the deadline for the VA Medical Center, Canandaigua, NY, to answer or otherwise appear in connection with this litigation.

(Dkt. 33). In accordance with the Court's March 21, 2014, order, AUSA Smith filed a notice of appearance on behalf of the Medical Center on March 31, 2014 (Dkt. 35), and filed a motion to dismiss the complaint on behalf of the Medical Center on April 4, 2014 (Dkt. 36).

To the extent that Plaintiff's motion is based on the fact that AUSA Smith refers to the Medical Center as the "Canandaigua Medical Center" (*see* Dkt. 44 at 3) rather than "VA Medical Center, Canandaigua, NY," this argument is without merit. The Court notes that the proper legal name of the facility appears to be the Canandaigua Medical Center. *See, e.g.,* 5 C.F.R. § 581, app. B (referring to the facility as the "Canandaigua Medical Center"). Moreover, the docket entry makes it clear that when she electronically filed the

motion to dismiss with the Court, AUSA Smith chose Defendant VA Medical Center, Canandaigua, NY as one of the filing parties. (Dkt. 36). As the Fourth Circuit has cogently explained:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice. . . . If [legal process] names [the parties] in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) (further explaining that a misnomer in a judicial proceeding is immaterial if the party is not misled). Here, where there can be no doubt that AUSA Smith intended to appear on behalf of the facility identified in the complaint as "VA Medical Center, Canandaigua, NY," and she in fact chose that Defendant as a filing party, it would be wholly improper for the Court to enter default because AUSA Smith failed to use Plaintiff's preferred terminology in her papers.

For the reasons set forth above, Plaintiff's request for default judgment as to Defendant VA Medical Center, Canandaigua, NY is denied.

SO ORDERED.

_____
Elizabeth A. Wolford
United States District Judge

Dated:   April 30, 2014
         Rochester, New York