UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
SEP 29 2014
MICHAEL J. ROEMER, CLERK
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NY

CHRISTOPHER EZEH,

                Plaintiff,

      v.

VA MEDICAL CENTER, CANANDAIGUA,
NY, *et al*,

                Defendants.

**DECISION AND ORDER**

13-CV-06563 EAW

## INTRODUCTION

*Pro se* plaintiff Christopher Ezeh ("Plaintiff") commenced this action on October 15, 2013, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (Dkt. 1). Plaintiff's allegations are quite sweeping, encompassing 20 individual defendants in addition to his former employer, the United States Department of Veterans Affairs' Canandaigua Medical Center (identified in the complaint as the "VA Medical Center, Canandaigua, NY") (hereinafter the "Medical Center"). The individual defendants include officials from the Department of Veterans Affairs (the "VA") and the United States Postal Service (the "USPS"), as well as Plaintiff's former private attorney. The complaint alleges, in sum and substance, that the individual defendants discriminated against Plaintiff on the basis of his race (African American), national origin (Nigerian), and religion (Roman Catholic) during the course of his employment with the Medical Center and in connection with his various complaints of discrimination.

- 1 -

Although this case is relatively new, it has a complex procedural history due in large part to the fact that Plaintiff filed ten motions seeking various relief in the space of approximately seven months. (Dkt. 3, 11, 15, 17, 23, 24, 29, 30, 42, 51). On March 21, 2014, the Court conducted a status conference with the parties to discuss the then-pending motions filed by Plaintiff (Dkt. 11, 15, 17, 23, 24, 29 and 30). (Dkt. 32). The Court entered an Order on March 21, 2014, granting Docket 11, denying Docket 15 as moot, reserving decision on Docket 17, reserving decision on that portion of Docket 23 seeking relief against defendant Ed Moeller and noting that Plaintiff had agreed to withdraw the remainder of the motion, denying Docket 24, and reserving decision on Dockets 29 and 30. (Dkt. 33).

As a result, the following motions remain pending before the Court: (1) defendant William Burkhart's motion to dismiss for lack of jurisdiction and/or for failure to state a claim (Dkt. 14); (2) Plaintiff's first motion to amend the complaint (Dkt. 17); (3) Plaintiff's motion seeking relief against defendant Ed Moeller (Dkt. 23); (4) Plaintiff's motion for service on the VA and the USPS and for other miscellaneous reliefs (Dkt. 29); (5) Plaintiff's motion seeking relief related to his health insurance (Dkt. 30); (6) defendant James Gilbert's motion to dismiss for failure to state a claim (Dkt. 34); (7) the motion to dismiss filed by defendants John Batten, Cathy Boylan, Melody Christensen, Geraldine Clark, Donna Crouse, Frank Cullen, Claudi Dumitrescu, Edmund Flick, James Gilbert, Craig Howard, James Jindra, Patricia Lind, Thomas L. Maddux, John Milewski, Ed Moeller, Pamula Royal, Robert Searle, Daniel Spillsbury, Maxanne R. Witkin, and the Medical Center (collectively the "Federal Defendants") (Dkt. 37); (8) Plaintiff's second

motion to amend the complaint (Dkt. 42); and (9) Plaintiff's third motion to amend the complaint (Dkt. 51).

For the reasons set forth below: (1) defendant William Burkhart's motion to dismiss (Dkt. 14) is granted; (2) Plaintiff's first motion to amend the complaint (Dkt. 17) is granted; (3) Plaintiff's request for relief against defendant Ed Moeller (Dkt. 23) is denied; (4) Plaintiff's motion for service on the VA and the USPS and for other miscellaneous reliefs (Dkt. 29) is denied; (5) Plaintiff's motion seeking relief related to his health insurance (Dkt. 30) is denied; (6) defendant James Gilbert's motion to dismiss for failure to state a claim (Dkt. 34) is granted; (7) the Federal Defendants' motion to dismiss (Dkt. 37) is granted on Plaintiff's claims related to the handling of his equal employment opportunity ("EEO") complaint by the VA's Office of Resolution Management and the VA's Office of Employment Discrimination Complaint Adjudication for lack of jurisdiction and on Plaintiff's wrongful discharge claim for failure to exhaust his administrative remedies and/or comply with the statutorily mandated deadline for seeking review.  The Honorable Robert A. McDonald, Secretary of Veterans Affairs, is substituted as a defendant in place of the Federal Defendants as to all remaining claims; (8) Plaintiff's second motion to amend the complaint (Dkt. 42) is denied; and (9) Plaintiff's third motion to amend the complaint (Dkt. 51) is denied without prejudice.  Secretary McDonald is ordered to serve an answer to the remaining allegations of the complaint within 20 days of entry of this Decision and Order.

## BACKGROUND

Plaintiff was born in Nigeria and is a naturalized citizen of the United States. (Dkt. 1 at 8). He was hired by the Medical Center as a Roman Catholic Chaplain on March 2, 2011. (*Id.*). Plaintiff alleges that on March 2, 2012, he completed a one-year trial employment period and became a regular permanent employee. (*Id.*).

According to Plaintiff, on April 1, 2012, defendant Ed Moeller, a veteran and VA volunteer, approached Plaintiff and stated, "I hate you, I hate your accent, I hate the way you talk and the way you sound. I am so sad to see you take up this full time position. I am going to write to the VA Board Members and get others write too to have you removed. I am telling you this ahead of time so that you may not be taken unawares when it happens." (*Id.* at 8-9). Plaintiff claims that he notified "management" of Mr. Moeller's statement, but no action was taken. (*Id.* at 9). Plaintiff further alleges that on May 6, 2012, Mr. Moeller "physically threatened" him during a religious service. (*Id.*).

Plaintiff claims to have filed an EEO complaint against various VA officials on May 18, 2012. (*Id.*). According to Plaintiff, he complained that he was being harassed by Mr. Moeller and that nothing had been done to stop this harassment. (*Id.*).

Plaintiff alleges that he was subjected to a "series of harassment, creation of an overwhelming hostile work environment, retaliation in different shapes and discriminatory treatments in different forms" throughout June and July of 2012. (*Id.* at 9). Plaintiff alleges that he was subjected to false charges of wrongdoing by defendants Patricia Lind and Donna Crouse. (*Id.*) Plaintiff claims that as a result of these false charges, he was escorted to his car by the VA police and the process of removing him

from his position was begun. (*Id.*). Defendant Craig Howard allegedly sent Plaintiff a final dismissal letter on July 18, 2012. (*Id.* at 10).

According to Plaintiff, Mr. Howard retaliated against him for filing his EEO complaint on May 18, 2012. (*Id.* at 9). In addition to having been terminated in July 2012, Plaintiff claims that Mr. Howard denied him training, denied him promotion, underpaid him for hours worked, took excess deductions for Federal Employee Health Benefits (FEHB) premiums, and denied him a debt waiver. (*Id.* at 10).

Plaintiff claims to have filed "spin-off" EEO complaints against several employees of the VA's Office of Resolution Management ("ORM") and the VA's Office of Employment Discrimination Complaint Adjudication ("OEDCA"), including defendants James Jindra, Thomas L. Maddux, Daniel Spillsbury, Frank Cullen, Geraldine Clark, and Maxanne Witkin. (*Id.* at 11). OEDCA was established within the VA by Congress and is responsible for "making the final agency decision within the Department on the merits of any employment discrimination complaint filed by an employee. . . ." 38 U.S.C. § 319. ORM processes EEO complaints within the VA pursuant to VA Directive 5877 (May 5, 2011).

Plaintiff alleges that the individual defendants employed by OEDCA and ORM improperly processed his EEO complaint, including by excluding relevant evidence from the investigative file and tampering with voice recordings. (Dkt. 1 at 11-12). According to Plaintiff, as a result of this improper processing, OEDCA rendered an unfair decision on his EEO complaint. (*Id.*).

Defendant James Gilbert is an administrative law judge ("ALJ"), allegedly employed by the USPS, whom Plaintiff claims was contracted by the VA to conduct a hearing regarding a payroll issue. (*Id*. at 14). According to Plaintiff, the VA improperly "manipulated debts into [Plaintiff's] pay account without [Plaintiff's] knowledge," then informed him that he owed money due to the administrative error. (*Id*.). Plaintiff alleges that his request for a waiver of this debt was denied and he requested a hearing. (*Id*.). ALJ Gilbert conducted the hearing, and Plaintiff alleges that he failed to follow proper procedure and rendered his decision "not in good faith." (*Id*.). Plaintiff alleges that ALJ Gilbert engaged in "abuse of judicial authority" because Plaintiff "was not born in America which [ALJ Gilbert] detected in [Plaintiff's] accent." (*Id*. at 15).

Plaintiff also alleges that upon his dismissal from the Medical Center, he was discriminated against by being improperly denied the opportunity to continue his health benefits pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S. Code §§ 1161 *et seq*. (*Id*. at 16). Plaintiff claims he was granted unemployment insurance benefits by the New York State Department of Labor effective September 21, 2012. (*Id*. at 10).

Defendant William Burkhart is Plaintiff's former privately retained attorney. (*Id*. at 19). Plaintiff alleges that he hired Mr. Burkhart to represent Plaintiff in connection with his EEO complaint against the VA and other employment issues. (*Id*.). According to Plaintiff, Mr. Burkhart failed to effectively represent him, failed to raise particular issues at the hearing before ALJ Gilbert, failed to present a settlement demand letter as requested by Plaintiff, failed to provide Plaintiff with requested information regarding

billing practices, and wrongfully obtained a judgment against Plaintiff in Rochester City Court with respect to legal fees. (*Id.* at 19-20). Plaintiff states that he is suing Mr. Burkhart for "refusing [Plaintiff] legal representation and abandoning [Plaintiff's case]. . . ." (*Id.* at 20).

## DISCUSSION

**I.    Mr. Burkhart's Motion to Dismiss (Dkt. 14) and Plaintiff's First Motion to Amend (Dkt. 17)**

Defendant William Burkhart has moved to dismiss the complaint as to him for lack of federal jurisdiction and for failure to state a claim. In response to Mr. Burkhart's motion to dismiss, Plaintiff has moved for leave to amend the complaint and add additional allegations as to Mr. Burkhart. The Court therefore considers these motions together.

### A.    Legal Standard

In considering a motion to dismiss, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "'accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007)). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("The plausibility standard is not akin to a probability requirement. A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely.") (citations and internal quotation marks omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56-57 (2d Cir. 2008) (internal quotation marks omitted).

With respect to Plaintiff's motion for leave to amend (Dkt. 12), Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

- 8 -

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. U.S.*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted); *see also Hemphill v. N.Y.*, 380 F.3d 680, 687 (2d Cir. 2004) ("It is well-established that 'when [a] plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'") (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Moreover, "a *pro se* litigant should be afforded every opportunity to demonstrate that he has a valid claim." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 762 (2d Cir. 1990) (alteration in original) (internal quotation marks omitted).

## B.    Plaintiff's First Motion for Leave to Amend

Plaintiff asks the Court to permit him to amend his complaint as to Mr. Burkhart. (Dkt. 17 at 2). In particular, Plaintiff seeks to add additional claims related to Mr. Burkhart's alleged failure to comply with 22 N.Y.C.R.R. § 1210.1 (setting forth a client's rights), and related to Mr. Burkhart's alleged violation of the First and Fourteenth Amendments to the United States Constitution. (*See* Dkt. 17 at 26-53).

As a threshold matter, the Court notes that Plaintiff has failed to comply with the Local Rules of Civil Procedure for the Western District of New York (the "Local Rules") with respect to his motion for leave to amend. Local Rule 15(a) provides:

> A movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. **The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the**

**prior pleading shall be incorporated into the proposed amended pleading by reference.**

L. R. Civ. P. 15(a) (emphasis added). Instead of filing a complete proposed amended pleading, Plaintiff has submitted only proposed additional allegations and exhibits related to Mr. Burkhart.

"[W]hile a *pro se* litigant's pleadings must be construed liberally . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995). However, the Court's determination in this case is complicated by the fact that Plaintiff did not need the Court's permission to amend his complaint one time as of right. *See* Fed. R. Civ. P. 15(a)(1)(B). Under similar circumstances, the Court of Appeals for the District of Columbia Circuit has held that a district court should consider a reply to a motion which seeks to add additional claims as an amendment. *See Richardson v. United States*, 193 F.3d 545, 584-9 (D.C. Cir. 1999) (district court should have considered plaintiff's reply to motion to dismiss to constitute amendment to his original complaint where plaintiff was proceeding *pro se*, plaintiff could still have amended his claim as of right, district court understood that plaintiff both recognized need for and attempted to make change to his original complaint, and defendant would not have been prejudiced if plaintiff were allowed to amend); *see also Pearson v. Gatto*, 933 F.2d 521, 527 (7th Cir. 1991) (court should have treated letter from *pro se* plaintiff as amended complaint).

Here, mindful of Plaintiff's *pro se* status and in light of Plaintiff's right to one amendment under Rule 15(a)(1)(B), the Court will grant Plaintiff's motion to amend and

will consider the additional allegations against Mr. Burkhart in deciding Mr. Burkhart's motion to dismiss.  Additionally, although "[i]t is well established that an amended pleading ordinarily supersedes the original and renders it of no legal effect," *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668-69 (2d Cir. 1977), the Court will construe the document entitled "The Amended Complaint of the Plaintiff Christopher Ezeh Against the Defendant William E. Burkhart, Jr. (Esq) Pursuant to Federal Rule of Civil Procedure, 15(a)(1)(B)"  (*see* Dkt. 17 at 26) as a supplement to Plaintiff's original complaint (Dkt. 1).  The original complaint shall remain in effect, as supplemented by the additional allegations against Mr. Burkhart.

### C.   Mr. Burkhart's Motion to Dismiss

Having determined to accept Plaintiff's proposed amendment to the complaint, the Court now has two options: (1) to deny the motion to dismiss as moot or (2) to consider the motion to dismiss in light of the amended pleading.  *Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 916 F. Supp. 2d 357, 362 (W.D.N.Y. 2013).  The Court exercises its discretion to consider the motion to dismiss in light of the amended pleading.

Neither Plaintiff's complaint nor his supplemental allegations identify the particular causes of action Plaintiff is attempting to allege.  Having reviewed the allegations and reading them in the light most favorable to Plaintiff, the Court determines that Plaintiff seeks to assert the following claims against Mr. Burkhart: (1) unlawfully obtaining a judgment from the Rochester City Court with respect to a fee dispute with Plaintiff; (2) unlawful discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"); (3) breach of contract and/or breach of fiduciary

- 11 -

duty with respect to his alleged failures in representing Plaintiff; (4) violation of 22 N.Y.C.R.R. §1210.1; and (5) violation of Plaintiff's First and Fourteenth Amendment rights, as enforced by 42 U.S.C. § 1983.   For the reasons set forth below, the Court finds that none of these attempted claims is viable.   As a result, the complaint as to Mr. Burkhart is dismissed.

### 1. Lack of Jurisdiction

Mr. Burkhart first argues that, to the extent Plaintiff seeks review of the state court fee decision, no jurisdiction exists over such a claim.   He is correct.   The long-standing *Rooker-Feldman* doctrine "provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts." *Morrison v. City of N.Y.*, 591 F.3d 109, 112 (2d Cir. 2010) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–16 (1923)); *see also Melnitzky v. HSBC Bank USA*, No. 06-cv-13526 (JGK), 2007 WL 1159639 at * 7 (S.D.N.Y. Apr. 18, 2007) ("Federal district courts generally lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments.") (quotation omitted).   There are four requirements for the application of the *Rooker–Feldman* doctrine: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; (4) the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

In this case, all the requirements of the *Rooker-Feldman* doctrine are met. Plaintiff asks the Court, in part, to reexamine and reject the Rochester City Court's award in his fee dispute with Mr. Burkhart (*see* Doc. 17 at 53 (Mr. Burkhart allegedly injured Plaintiff by "going to the Rochester City Court to lie for the sole purpose of making money out of the plaintiff by claiming that he worked for the plaintiff after he had declined representation."); *id.* at 33 ("[Mr Burkhart] is to tell this court what he did for me that gave rise to the sum of $6520.00 which he exerted from me out of fraud, deceit and manipulation.")). By his own allegations, Plaintiff lost on this claim before the state court. (*See* Dkt. 1 at 20). Plaintiff complains that he was injured by being required to pay Mr. Burkhart in accordance with the state court's judgment and asks the Court to reexamine the issue and find that Mr. Burkhart was not entitled to payment. (*See* Dkt. 17 at 37-38). The Rochester City Court judgment was issued on July 10, 2013, prior to the commencement of this proceeding. (Dkt. 17-2 at 29). Plaintiff's claim with respect to the judgment Mr. Burkhart obtained in Rochester City Court is barred by the *Rooker-Feldman* doctrine and is therefore dismissed for lack of subject matter jurisdiction.

### 2.    Failure to State a Claim

Plaintiff has also failed to state a federal claim against Mr. Burkhart pursuant to Federal Rule of Civil Procedure 12(b)(6). The two federal claims attempted by Plaintiff suffer from fatal pleading defects and must be dismissed. Moreover, because the Court holds that Plaintiff has not properly pleaded a federal claim against Mr. Burkhart, the Court declines to exercise supplemental jurisdiction over the state law claims against him.

### a.      Title VII Claim

Plaintiff first attempts to assert a Title VII cause of action against Mr. Burkhart. As a threshold matter, there is no individual liability under Title VII. *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010).   Moreover, "Title VII is the exclusive remedy for a federal employee suing for employment discrimination" based on race, religion, or national origin and "only the 'head of the department, agency, or unit, as appropriate, shall be the defendant' in a Title VII action by a federal employee." *Mitchell v. Chao*, 358 F. Supp. 2d 106, 111-12 (N.D.N.Y. 2005) (quoting 42 U.S.C. § 2000e-16(c)).  Mr. Burkhart is not the head of the department, agency, or unit that employed Plaintiff and is not an appropriate Title VII defendant.   Additionally, Title VII applies only to discriminatory practices by an employer and Plaintiff does not allege that Mr. Burkhart has ever been Plaintiff's employer. *See Heller v. Consol. Rail Corp.*, 331 F. App'x 766, 768 (2d Cir. 2009).  For all these reasons, Plaintiff cannot state a Title VII claim against Mr. Burkhart.

### b.      First and Fourteenth Amendment Claims

In the additional allegations submitted by Plaintiff, he alleges that "[t]he entire claims that I hold against Mr. Burkhart . . . consist in [Mr. Burkhart's] violation of some of the Key Clauses of the 14th Amendment. . . ." and that "[t]he defendant William Burkart denied my equal protection of the laws when he knew that my removal from the VA was a result of a violation of my freedom of religion, profession and practice of faith. . . ." (Dkt. 17 at 45, 47).

Plaintiff's constitutional claims cannot be sustained against Mr. Burkhart because he is not a state actor. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *U.S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295 (2d Cir. 1991); *see also Washington v. Cnty. of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004) ("Section 1983 authorizes a court to grant relief when a party's constitutional rights have been violated by a state or local official or other person acting under color of state law."). Privately retained attorneys do not act under color of state law for purposes of § 1983, the mechanism by which constitutional rights are enforced. *See D'Amato v. Rattoballi,* 83 F. App'x 359, 360 (2d Cir. 2003) (district court properly dismissed claim against plaintiff's former lawyer because former lawyer was a privately retained attorney not acting under color of state law); *Daniels v. Ferrell*, No. 11-cv-4597 (SJF) (AKT), 2012 WL 482136 at *2 (E.D.N.Y. Feb. 10, 2012) ("Generally, attorneys, whether court-appointed or privately retained, are not state actors for purposes of Section 1983."). Mr. Burkhart, Plaintiff's former privately retained attorney, is not a state actor and cannot be held liable for the alleged violation of Plaintiff's constitutional rights.

A private actor may be held liable under § 1983 where a plaintiff can demonstrate that the private actor entered into a conspiracy with a state actor to deprive that plaintiff of his constitutional rights. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). However, the Second Circuit Court of Appeals has made it clear that "[a] merely conclusory allegation that a private entity acted in concert with a state actor does

not suffice to state a § 1983 claim against the private entity." *Id.* Here, although Plaintiff alleges in several places that Mr. Burkhart was acting in furtherance of the VA's interests, he has not supported this conclusory allegation with factual allegations. Plaintiff has failed to state a viable § 1983 conspiracy claim as to Mr. Burkhart.

### c.   State Law Claims

Plaintiff's remaining claims against Mr. Burkhart (namely, breach of contract and/or breach of fiduciary duty with respect to Mr. Burkhart's alleged failures in representing Plaintiff and violation of 22 N.Y.C.R.R. §1210.1) sound in New York State law. Having found that Plaintiff fails to state a viable federal claim, the Court declines to exercise jurisdiction over Plaintiff's state law causes of action against Mr. Burkhart. *See Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988) ("When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims."); *see also Borden v. Blue Cross & Blue Shield of W.N.Y.*, 418 F. Supp. 2d 266, 274 (W.D.N.Y. 2006) ("The Second Circuit has advised that district courts should typically decline to exercise jurisdiction over state law claims where all federal claims have been eliminated before trial."). Dismissal of the pendent state law claims is particularly appropriate here, inasmuch as Plaintiff's complaints against Mr. Burkhart are only tangentially related to his allegations against the Federal Defendants and including Mr. Burkhart as a defendant would unnecessarily complicate this matter. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 716 (1973). The state law claims are dismissed without prejudice.

### d.   Plaintiff's Additional Arguments

The other arguments Plaintiff makes in opposition to Mr. Burkhart's motion do not justify denial. First, Plaintiff misapprehends Fed. R. Civ. P. 8(b) as applying to motions to dismiss; it does not. *See ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 123 (2d Cir. 2012) (Staub, J., concurring in part and dissenting in part) ("Rule 8 does not apply to *motions*; it applies to *pleadings*.") (emphasis in original).

Second, nothing in either the Federal Rules of Civil Procedure or the Local Rules requires the certificate of service accompanying a motion to be sworn under penalty of perjury. Moreover, even if the certificate were faulty, Plaintiff does not deny that he was actually served with the motion. "The principal importance of the certificate of service is to provide the Court with clear proof that service has been accomplished. . . . Where actual service is not contested, there is little point to invalidating [a filing] for lack of a certificate. . . ." *Ives v. Guilford Mills, Inc.*, 3 F. Supp. 2d 191, 195 (N.D.N.Y. 1998). Forcing Mr. Burkhart to refile with a certificate of service sworn to under penalty of perjury serves no purpose.

Third, with regard to Plaintiff's argument that Mr. Burkhart should have served him with copies of the cases cited in his brief, the Local Rules do require counsel to send *pro se* litigants copies of cases only available electronically. L. R. Civ. P. 7(a)(8). Mr. Burkhart initially failed to comply with this requirement, but subsequently provided Plaintiff with paper copies of the cases in question. (Dkt. 27). Nothing in the Local Rules requires the Court to deny the motion on this ground and "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local

- 17 -

court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001).  In this case, because the flaws in Plaintiff's complaint are so fundamental and because Mr. Burkhart provided Plaintiff with paper copies of the unpublished decisions prior to Plaintiff filing his memorandum in opposition to Mr. Burkhart's motion to dismiss (Dkt. 38), the Court will exercise its discretion and overlook Mr. Burkhart's initial failure to comply with Local Rule 7(a)(8).

Finally, Mr. Burkhart has made no attempt to represent any of the other defendants.  He has not appeared on their behalf nor argued for dismissal on their behalf. Plaintiff's sole argument in this regard appears to be that Mr. Burkhart quoted a case in his memorandum referring to multiple "individual defendants." (Dkt. 17 at 8).  This is not an attempt to represent the other defendants; it is an attempt to provide the Court with relevant case law.  There is no basis for denying the motion on this ground.

For the foregoing reasons, the complaint, even when read in light of Plaintiff's additional allegations, does not state a claim against Mr. Burkhart.  Mr. Burkhart's motion to dismiss is granted.

## II.   Plaintiff's Motion for Relief against Defendant Ed Moeller (Dkt. 23)

Having previously resolved the remainder of Plaintiff's motion for miscellaneous relief (Dkt. 23), the Court now considers whether Plaintiff is entitled to relief as to defendant Ed Moeller.  Mr. Moeller is allegedly a VA volunteer who purportedly told Plaintiff, "I hate you, I hate your accent, I hate the way you talk and the way you sound. I am so sad to see you take up this full time position.  I am going to write to the VA Board Members and get others write too to have you removed.  I am telling you this

ahead of time so that you may not be taken unawares when it happens." (Dkt. 1 at 8-9). Mr. Moeller was served on December 12, 2013. (Dkt. 8). On or about January 2, 2014, Robin Johnson, Volunteer Program Manager at the Medical Center, certified that Mr. Moeller was "performing within the course and scope of his volunteer assignment while on VA duty" at the time of the incidents alleged in the complaint. (Dkt. 40-1). On January 24, 2014, Assistant United States Attorney ("AUSA") Kathryn L. Smith filed a notice of appearance on behalf of Mr. Moeller. (Dkt. 16).

Plaintiff requests "that a relief be granted him against the defendant Ed Moeller who is not a federal employee or an agent of the United States but who has failed to respond to the summons served on him. . . ." (Dkt. 23 at 4). The Court interprets this as a request for a default judgment as to Mr. Moeller and denies the request for the reasons set forth below.

As a threshold matter, Plaintiff has failed to follow the proper procedure for seeking a default judgment against Mr. Moeller.

> Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain an entry of default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention. In such circumstances Rule 55(a) empowers the clerk of court to enter a default. The next step requires the plaintiff to seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear. In all other cases Rule 55(b)(2) governs. It requires a party seeking a judgment by default to apply to the court for entry of a default judgment.

*Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Plaintiff did not ask the clerk of court to enter a default as to Mr. Moeller and so cannot seek a default judgment at this point in time.

Additionally, based on the procedural history in this case, Mr. Moeller has not defaulted. Although Plaintiff argues that Mr. Moeller is not a federal employee or an agent of the United States, Mr. Moeller was acting on behalf of the VA in his capacity as a federal volunteer at the time he allegedly interacted with Plaintiff. Volunteers are treated as employees of the federal government for purposes of the Federal Torts Claim Act (*see* 28 U.S.C. § 2671) and the Federal Employees Compensation Act (*see* 5 U.S.C. § 8101(1)(b)). The Court sees no reason why a federal volunteer, sued for actions taken while acting on behalf of the United States and/or one of its agencies, should not be entitled to the longer time to respond to a complaint set forth in Federal Rule of Civil Procedure 12(a)(3).

Even had Mr. Moeller defaulted, default judgment would not be appropriate. Mr. Moeller is not a proper defendant in Plaintiff's Title VII action. As discussed above, Title VII does not provide for individual liability and the only proper defendant in a Title VII action commenced by a federal employee is the head of the agency that employed the plaintiff. The Court will not grant default judgment where the complaint fails to state a cause of action. *Garden City Boxing Club, Inc. v. Giambra*, No. 02-cv-0839S, 2004 WL 1698633, at \*1 (W.D.N.Y. Jul. 27, 2004) ("Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.").

Plaintiff has failed to demonstrate that he is entitled to default judgment as to Mr. Moeller. The remaining portion of his motion for miscellaneous relief (Dkt. 23) is therefore denied.

### III.   Plaintiff's Motion for Service as to the VA and the USPS (Dkt. 29)

Plaintiff asks the Court (1) to order that the complaint and a summons be served on the VA and the USPS as the "Mother Employers of those who discriminated against the Plaintiff in the above entitled action"; and (2) to order that the VA stop "sending their threating letters to this Plaintiff requiring Plaintiff to pay back a portion of the waiver amount that was unlawfully denied this Plaintiff. . . ." (Dkt. 29 at 5).

In opposition to Plaintiff's motion, the Federal Defendants have agreed to waive any defects in service with respect to the VA and the USPS. (Dkt. 41 at 3). As such, to the extent that these entities are proper defendants in this action, no further service is required. Thus, this portion of Plaintiff's motion is denied as moot.

At this early stage of the litigation, it is not possible for the Court to determine that the VA's alleged attempts to collect a debt from Plaintiff violated any of Plaintiff's rights under the law. Moreover, the VA has also agreed to voluntarily suspend its collection efforts as to Plaintiff "during the pendency of this lawsuit." (*Id.* at 4). This portion of Plaintiff's motion is also denied.

### IV.   Plaintiff's Motion for Relief Related to His Health Insurance

Plaintiff also seeks various relief related to his claim that the Medical Center improperly denied him a continuation of his health coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S. Code §§ 1161 *et seq.* ("COBRA")

upon termination of his employment. (Dkt. 30). The Federal Defendants oppose this motion as premature. (Dkt. 41 at 4). In particular, the Federal Defendants argue that Plaintiff's motion seeks economic damages related to his Title VII claim and that he cannot recover economic damages until such time as he succeeds on the merits of his case. (*Id.*). In reply, Plaintiff argues that he is asserting a direct claim against the Medical Center based on COBRA and that he is entitled to relief on this claim. (Dkt. 46 at 6).

Plaintiff's complaint does not appear to assert a direct claim based on COBRA. Plaintiff indicated that his complaint was a "discrimination complaint" based on Title VII. (Dkt. 1 at 1). Plaintiff identified the denial of his purported COBRA benefits as an action Defendants had taken to discriminate against him. (*Id.* at 3). Plaintiff also further claimed that he was "discriminated against . . . in COBRA. . . ." (*Id.* at 74). These allegations do not fairly put Defendants on notice that Plaintiff is seeking to assert a claim based directly on COBRA. Even in supporting his motion, Plaintiff claims "[t]he denial of COBRA/FEHB was one of the means by which the officials of the VA Medical Center, Canandaigua, NY, retaliated against [Plaintiff] for initiating EEO Complaint Process against them. . . ." (Dkt. 30 at 6). The Court agrees with the Federal Defendants that Plaintiff's motion is premature, inasmuch as he must prevail on his Title VII claim before he can claim entitlement to the health benefits he was purportedly discriminatorily denied.

Moreover, even assuming that Plaintiff had alleged a cause of action based on COBRA, he has failed, at this stage of the litigation, to demonstrate his entitlement to

relief. As a threshold matter, COBRA does not apply to health plans sponsored by the federal government. *See Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 327 (11th Cir. 1992) (citing 29 U.S.C. § 1003(b)).[1] Because Plaintiff was allegedly a federal employee prior to his termination, he cannot demonstrate that he is entitled to relief under COBRA.

Plaintiff also has not demonstrated his entitlement to relief with respect to his request that the Court order the Medical Center to "continue to fund the monthly premiums that is due to the Plaintiff under Federal Employee health Benefits (FEHB) plan. . . ." (Dkt. 30 at 5). Plaintiff submits an email exchange with defendant Donna Crouse, the human resources manager for the Medical Center, in which she explains to him that the VA had not denied Plaintiff any rights under COBRA. (Dkt. 30 at 29). This email exchange makes reference to forms provided to Plaintiff by Ms. Crouse, in addition to other information that has been provided to him. (*Id.*). At this stage of the litigation, and without the benefit of a more complete record, the Court cannot determine that the Medical Center failed to provide Plaintiff with information regarding his rights to temporary continuation of insurance coverage.

For the foregoing reasons, Plaintiff's motion for relief related to his health insurance (Dkt. 30) is denied.

---

[1]     The Federal Employees Health Benefits Amendments Act of 1988, Pub. L. No. 110-654 (Nov. 14, 1988), does require the federal government to offer its employees continuation health coverage. However, this law is separate from COBRA.

V.      **Defendant James Gilbert's Motion to Dismiss (Dkt. 34) and Plaintiff's Second Motion for Leave to Amend (Dkt. 42)**

Defendant James Gilbert, an ALJ employed by the USPS who was contracted by the VA to conduct a hearing with respect to Plaintiff's payroll issues, moves to dismiss the claims against him on the basis of judicial immunity.  Plaintiff opposes the motion and seeks leave to amend the complaint to add additional allegations against ALJ Gilbert.

The standards on motions to dismiss and for leave to amend are set forth in part (I)(A) of this Decision and Order.  For the reasons set forth below, ALJ Gilbert's motion is granted and the claims against him are dismissed.  Plaintiff's second motion for leave to amend is denied as futile.

"Judges have absolute immunity [from suit] not because of their particular location within the Government but because of the special nature of their responsibilities. . . . Absolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 511-12 (1978).  The United States Supreme Court has made it clear that administrative judges such as ALJ Gilbert are entitled to absolute judicial immunity with respect to actions taken in their adjudicatory role.  *Id.* at 512-13 ("[A]djudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages.").

The exceptions to absolute judicial immunity are narrow.  As explained by the United States Supreme Court:

> [J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. . . .  Rather, our cases make clear that the immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted).

Plaintiff argues that he has alleged that ALJ Gilbert took non-judicial acts and/or acted in the complete absence of all jurisdiction with respect to his conduct of Plaintiff's hearing.  (*See* Dkt. 42).[2]  Plaintiff misapprehends the meanings of "judicial act" and "jurisdiction" in this context.

As to judicial acts, any act which is normally performed by a judge and with respect to which the parties dealt with the judge in his judicial capacity is considered a judicial act.  *See Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004).  Plaintiff alleges that ALJ Gilbert acted outside the proscribed rules and regulations (for example, by waiting longer than 60 days to conduct a hearing and by considering issues of fact that were not raised in the complaint or disputed at the hearing) with respect to Plaintiff's request for a waiver.  (Dkt. 42 at 17).  However, "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  *Mireles*, 502 U.S. at 12-13 (quotation omitted).  Even accepting as true Plaintiff's allegations that ALJ Gilbert maliciously and

---

[2]     Plaintiff also argues that ALJ Gilbert failed to properly serve his motion to dismiss because he did not submit a certificate of service sworn under penalty of perjury.  (Dkt. 42 at 3).  This argument is without merit, for the reasons discussed above with respect to the identical argument made against Mr. Burkhart.

in bad faith ignored the relevant rules and regulations and considered issues which he ought not to have considered, the conduct of a hearing, the consideration of evidence, and the rendering of a decision are all quintessentially judicial acts and ALJ Gilbert is entitled to absolute immunity with respect to these actions.

As to the absence of jurisdiction, there is a well-established distinction between actions taken in excess of authority and actions taken in the absence of all jurisdiction. *Id.* at 513; *see also Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) ("[T]here is a difference between *exceeding* jurisdiction and acting in the *absence* of jurisdiction. . . .") (emphasis in original). Here, Plaintiff alleges that ALJ Gilbert acted in the absence of jurisdiction because he accepted an application for a hearing on a waiver denial that did not fall within his jurisdiction, because he failed to rule on various motions and requests made by Plaintiff, and because he said he would issue a decision within two weeks of the hearing but instead waited eight months to do so. (*See* Dkt. 42 at 19-26). Even accepting Plaintiff's allegations that ALJ Gilbert did not have the authority to hear portions of Plaintiff's complaint, the fact that he had jurisdiction over the general subject matter of Plaintiff's payroll complaints precludes a holding that he acted in the absence of any jurisdiction. *See Tucker v. Outwater*, 118 F.3d 930, 936 (2d Cir. 1997).

Plaintiff's proposed amended allegations against ALJ Gilbert are also fatally flawed. As a threshold matter, Plaintiff has again failed to comply with Local Rule 15(a) and has not submitted a complete proposed amended pleading. More importantly, the proposed additional allegations against ALJ Gilbert are futile and fail to state a claim. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir.

2002) (amendment is futile if the proposed amended complaint does not state a claim upon which relief can be granted). The Court has reviewed the allegations set forth in Plaintiff's submission entitled "Amended Discrimination Complaint Against Defendant James Gilbert of the United States Postal Service Pursuant to Federal Rule of Civil Procedure 15a (1)(B)" (Dkt. 42-1) and has determined that the acts alleged therein fall within the scope of ALJ Gilbert's absolute judicial immunity. The proposed amended allegations, like the allegations in the complaint, do not allege that ALJ Gilbert did anything more than act in excess of his authority and amendment would thus be futile.

For the reasons set forth above, ALJ Gilbert's motion to dismiss (Dkt. 34) is granted and Plaintiff's second motion for leave to amend (Dkt. 42) is denied.

## VI. The Federal Defendants' Motion to Dismiss (Dkt. 36) and Plaintiff's Third Motion for Leave to Amend (Dkt. 51)

The final two motions currently pending are the Federal Defendants' motion to dismiss (Dkt. 36) and Plaintiff's third motion for leave to amend (Dkt. 51). The standards on motions to dismiss and for leave to amend are set forth in part (I)(A) of this Decision and Order.

### A. The Federal Defendants' Motion to Dismiss

The Federal Defendants argue that the Court lacks jurisdiction over the Plaintiff's Title VII claim against them. In support of this argument, the Federal Defendants note that it is well-established that the only proper defendant in a federal employee's Title VII action is the head of the agency that employed the plaintiff. (Dkt. 36-1 at 7). The Federal Defendants also seek dismissal of all of Plaintiff's claims related to ORM and

OEDCA's handling of his EEO complaint and of Plaintiff's wrongful discharge claim. (*Id*. at 8-9).

Plaintiff opposes the Federal Defendants' motion and seeks leave to amend his complaint to add additional allegations. (Dkt. 51). As part of his motion for leave to amend, Plaintiff asks the Court to add the VA, Eric K. Shinseki, and the USPS as defendants in this action.

### 1.   Proper Defendants in a Title VII Case

Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination" based on gender, race, religion, or national origin. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976); *see also Mitchell v. Chao,* 358 F. Supp. 2d 106, 111 (N.D.N.Y. 2005) ("Title VII is the exclusive remedy for a federal employee suing for employment discrimination."). Federal employees seeking redress for alleged employment discrimination based on gender, race, religion, or national origin must therefore comply with Title VII's mandates. "In order to commence an action in district court under Title VII, a federal employee alleging discrimination may bring suit **only** against 'the head of the department, agency or unit.'" *Edinboro v. Dep't of Health & Human Servs.*, 704 F. Supp. 364, 365 (S.D.N.Y. 1988) (quoting 42 U.S.C. § 2000e–16(c)) (emphasis added); *see also Jaremka v. U.S. Gov. Dep't Veterans Affairs*, No. 05-CV-0367A, 2007 WL 2580493, at *1 (W.D.N.Y. Sept. 4, 2007) ("[I]n an action alleging employment-related discrimination at the Department of Veteran Affairs, the only proper party defendant is the head of the department itself."). It is well-established

that coworkers and supervisors are not subject to liability under Title VII. *See Mitchell*, 358 F. Supp. 2d at 113.

None of the Federal Defendants is the head of the department, agency, or unit that employed Plaintiff.   As such, none of them are appropriate defendants in this employment discrimination action.  However, the Court declines to dismiss the complaint in its entirety on this ground.  Instead, the Court substitutes the Honorable Robert A. McDonald, Secretary of Veterans Affairs,[3] as the sole defendant in this matter.   *See Elhanafy v. Shinseki*, Bo. 10-CV-3192 (JG) (JMA), 2012 WL 2122178, at *11 (E.D.N.Y. June 12, 2012) (substituting the head of the agency as the defendant accords with the Court's obligation to construe *pro se* complaints liberally and is a preferable alternative to dismissal with leave to replead in order to name the correct defendant).

### 2.   Plaintiff's Complaints Regarding ORM and OEDCA

The Federal Defendants seek dismissal of Plaintiff's claims about ORM and OEDCA's handling of his EEO complaint on the basis of sovereign immunity.

As agencies of the United States, ORM and OEDCA are subject to suit only if sovereign immunity is waived. *See Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) ("Absent an unequivocally expressed statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity.") (quotation omitted).  Although the United States has waived its sovereign immunity with respect to Title VII, Title VII

---

[3]    The Honorable Eric Shinseki resigned as Secretary of Veterans Affairs on May 30, 2014.  Secretary McDonald was confirmed by the United States Senate on July 29, 2014.

does not include within its mandate claims against the administrative agencies charged with investigating discrimination claims. *See Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997); *see also Storey v. Rubin*, 976 F. Supp. 1478, 1483 (N.D. Ga. 1997), *aff'd*, 144 F.3d 56 (11th Cir. 1998) (Title VII does not create "a right or action or confer[] on this Court jurisdiction over a claim by a federal employee against the EEOC, or any other agency, challenging any aspect of the administrative processes (or any application of that process) by which complaints of discrimination are investigated and resolved.").

Plaintiff has not identified any other statute or waiver of sovereign immunity that would vest this Court with jurisdiction over an action against ORM and OEDCA with respect to their handling of Plaintiff's EEO complaints.   As such, Plaintiff's claims related to ORM and OEDCA's handling of his EEO complaint are dismissed.

### 3.   Plaintiff's Wrongful Discharge Claim

The Federal Defendants also argue that Plaintiff has failed to administratively exhaust his wrongful discharge claim and/or failed to commence his civil action within the statutorily required time frame. A federal employee who claims to have been the victim of unlawful discrimination is subject to the administrative scheme set forth in the Civil Service Reform Act of 1978, Pub. L. No. 95–454, 92 Stat. 111.   Pursuant to this administrative scheme, an aggrieved federal employee may file a "mixed case complaint" (defined as "a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection

Board (MSPB)"[4]) with either the relevant EEO agency or with the MSPB.  29 C.F.R. § 1614.302(b).  If the employee chooses to file his complaint with the relevant EEO agency and is "dissatisfied with the agency's final decision on the mixed case complaint," he may appeal the matter to the MSPB within 30 days of receipt of the agency's final decision, or he may file an action in federal court within 30 days of receipt of the agency's final decision.[5]  29 C.F.R. §§ 1614.302(d)(ii), 1614.310(a); *see also Bonds v. Leavitt*, 629 F.3d 369, 378 (4th Cir. 2011); *Butler v. West,* 164 F.3d 634, 638 (D.C. Cir. 1999)*; Slingland v. Donahoe*, 542 F. App'x 189, 192 (3d Cir. 2013).

In this case, Plaintiff chose to file his mixed case complaint with the relevant EEO agency – namely, OEDCA.  OEDCA issued a final decision on Plaintiff's wrongful discharge complaint on July 16, 2013.  (Dkt. 1 at 11).  There is no indication in the record and Plaintiff does not plead that he appealed this final decision to the MSPB.  Plaintiff also did not commence this action until October 13, 2013, 91 days after issuance of the final decision.  Plaintiff has thus failed to administratively exhaust/failed to timely file his wrongful discharge mixed case claim and it is dismissed.  *See Rzucidlo v. McHugh*, 979 F. Supp. 2d 526, 531 (M.D. Pa. 2013); *Grose v. Napolitano*, No. 1:11CV227-LG-RHW,

---

[4]     The MSPB reviews claims related to removal; suspension for more than 14 days; a reduction in grade; a reduction in pay; and a furlough of 30 days or less.  *See* 5 U.S.C. § 7512; *see also Fernandez v. Chertoff*, 471 F.3d 45, 53 (2d Cir. 2006) ("The MSPB has jurisdiction to review personnel actions that include removal, reduction in grade or pay, and denial of reinstatement, among others.").  Plaintiff's claims related to his discharge by the Medical Center would therefore fall within the MSPB's jurisdiction.

[5]     The 30 day deadline applies only to Plaintiff's mixed case complaint based on his discharge.  *See* 29 C.F.R. § 1614.310.  The deadline to file a district court action for his non-mixed case complaints was 90 days.  *See* 29 C.F.R. § 1614.407(a).

2012 WL 2912742, at *6 (S.D. Miss. July 16, 2012); *Rivera v. Holder*, No. 3:10CV544-HEH, 2010 WL 5187929, at *4 (E.D. Va. Dec. 14, 2010).

**B.**   **Plaintiff's Third Motion for Leave to Amend**

Defendant has asserted Title VII claims for disparate treatment, hostile work environment, and retaliation.   To the extent these claims are not based on his discharge from the Medical Center but are instead based on his treatment during the course of his employment, they will be permitted to proceed against Secretary McDonald.   The Court must now determine the proper disposition of Plaintiff's third motion for leave to amend (Dkt. 51).   Plaintiff has again failed to comply with Local Rule 15(a) and has not submitted a complete proposed amended pleading but has only submitted proposed additional allegations.   As a result, were the Court to accept his proposed amended complaint, the key allegations set forth in the original complaint would be lost. Nevertheless, it does appear that the proposed amended allegations set forth in Plaintiff's motion may include additional information that is relevant to Plaintiff's complaint.   The Court therefore denies this motion without prejudice.   If Plaintiff wishes to include the additional allegations set forth in Docket 51, he must submit a motion for leave to amend that includes **a complete proposed amended complaint that sets forth in one document all of Plaintiff's allegations** in accordance with Local Rule 15(a).

## CONCLUSION

For the reasons discussed in detail above: (1) defendant William Burkhart's motion to dismiss (Dkt. 14) is granted; (2) Plaintiff's first motion to amend the complaint (Dkt. 17) is granted; (3) Plaintiff's request for relief against defendant Ed Moeller (Dkt.

23) is denied; (4) Plaintiff's motion for service on the VA and the USPS and for other miscellaneous reliefs (Dkt. 29) is denied; (5) Plaintiff's motion seeking relief related to his health insurance (Dkt. 30) is denied; (6) defendant James Gilbert's motion to dismiss for failure to state a claim (Dkt. 34) is granted; (7) the Federal Defendants' motion to dismiss (Dkt. 37) is granted on Plaintiff's claims related to the handling of his equal employment opportunity ("EEO") complaint by the VA's Office of Resolution Management ("ORM") and the VA's Office of Employment Discrimination Complaint Adjudication ("OEDCA") for lack of jurisdiction and on Plaintiff's wrongful discharge claim for failure to exhaust and/or comply with the statutorily mandated filing deadline. The Honorable Robert A. McDonald, Secretary of Veterans Affairs, is substituted as a defendant in place of the Federal Defendants as to all remaining claims; (8) Plaintiff's second motion to amend the complaint (Dkt. 42) is denied; and (9) Plaintiff's third motion to amend the complaint (Dkt. 51) is denied without prejudice.  Secretary McDonald is ordered to serve an answer to the remaining allegations of the complaint within 20 days of entry of this Decision and Order.  The Clerk of Court is directed to amend the caption in this matter to reflect the substitution of Secretary McDonald as the sole defendant.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:       September 29, 2014
             Rochester, New York

- 33 -