UNITED STATES DISTRICT COURT
FILED
JAN 2 1 2015
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER EZEH,

               Plaintiff,

     v.

ROBERT A. MCDONALD, *Secretary of
Veterans Affairs,*

               Defendant.

**DECISION AND ORDER**

13-CV-6563 EAW

## INTRODUCTION

Plaintiff Christopher Ezeh ("Plaintiff") has two motions currently pending. (Dkt. 63, 71).[1] In his motion filed on October 14, 2014, Plaintiff requests that: (1) I recuse myself from this matter; (2) I reconsider my Decision and Order dated April 30, 2014 (Dkt. 49), and portions of my Decision and Order dated September 29, 2014 (Dkt. 58); and (3) he be granted leave to submit an amended complaint. (Dkt. 63 at 1-11). In his motion filed on November 25, 2014, Plaintiff requests for a second time that I recuse myself from this matter. (Dkt. 71 at 1-3).

Defendant Robert A. McDonald, Secretary of Veterans Affairs ("Defendant" or "Secretary McDonald"), opposes Plaintiff's requests[2] and has filed his own motion

---

[1] Plaintiff was *pro se* from the commencement of this action through January 13, 2015, when attorney Ariel E. Solomon filed a notice of appearance on his behalf. (Dkt. 76).

[2] Defendant's opposition to Plaintiff's motion filed at Docket No. 63 also requests dismissal of Plaintiff's motion for failure to comply with Local Rule of Civil Procedure

asking the Court to enjoin Plaintiff from making any further motions without leave of the Court. (Dkt. 65, 67).

For the reasons set forth below, Plaintiff's motions for recusal are denied, Plaintiff's motion for reconsideration is denied, Plaintiff's motion for leave to amend is granted in part and denied in part, and Defendant's motion to enjoin Plaintiff from filing any further motions without leave of the Court is denied without prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

The factual background of this case is set forth in detail in the Court's Decision and Order dated September 29, 2014 (Dkt. 58) (the "September 29th Decision and Order"). Familiarity with the September 29th Decision and Order is presumed for purposes of this Decision and Order. Those portions of this matter's procedural history that are relevant to the pending motions are summarized below.

Since the commencement of this action just over one year ago, Plaintiff has filed at least 15 motions. (*See* Dkt. 3, 11, 15, 17, 23, 24, 29, 30, 42, 44, 51, 59, 63, 71, 73). These motions have been voluminous, repetitive, and often frivolous. They have also been rife with aspersions on defendants, as well as this Court and its employees.

---

7. (*See* Dkt. 67 at 1). Plaintiff has repeatedly failed to comply with Local Rule of Civil Procedure 7(a)(3), which provides that an affidavit filed in support of a motion must not contain legal arguments. By violating this Rule and including lengthy legal arguments in his affidavits, Plaintiff attempts to circumvent the 25-page limit on memoranda of law set forth in Local Rule of Civil Procedure 7(a)(2)(C). L. R. Civ. P. 7(a)(2)(C), (3). Nonetheless, the Court does not find that Plaintiff's failure to comply with Local Rule of Civil Procedure 7 merits dismissal of his motion. To the extent Defendant's opposition may be read as a cross-motion, it is denied.

On January 1, 2014, Plaintiff filed a 22-page motion (including exhibits) asking the Court to change the electronic docket to list his former employer as "VA Medical Center, Canandaigua, NY," rather than listing it as "VA Medical Center" with "Canandaigua, NY" listed as a geographical identifier. (Dkt. 11). In the motion, Plaintiff accused the Court's staff of having attempted to conceal the identity of the Defendant in order to "shield it from public recognition." (*Id.* at 5).

Then, on January 27, 2014, Plaintiff filed a 179-page motion (including exhibits) seeking (1) leave to amend his complaint; (2) a jury trial; (3) dismissal of then-defendant William E. Burkhart, Jr., Esq.'s motion to dismiss because the affirmation of service was not sworn to under penalty of perjury; and (4) an order requiring Mr. Burkhart to pay him $100,000. (Dkt. 17 at 1-4). The motion was riddled with arguments without basis in law, including an argument that Mr. Burkhart was somehow attempting to represent other litigants in this action because he cited a case referring to multiple defendants (*id.* at 8); that Mr. Burkhart had defaulted in spite of having filed a motion to dismiss Plaintiff's complaint (*id.* at 18); and that Mr. Burkhart's motion failed to comply with Federal Rule of Civil Procedure 8, which governs the form of pleadings, not motions (*id.* at 21-22).

On February 4, 2014, Plaintiff filed a 34-page motion (including exhibits) in which he moved for a jury trial for a second time, despite having filed a motion for the identical relief approximately one week earlier. (Dkt. 23 at 4). Plaintiff further argued, without basis in law, that the Court's order granting the defendants' request to extend their time to answer or move to April 4, 2014, was "not in compliance with the Federal

Law." (*Id.* at 3).  Plaintiff also argued, again without basis in law, that Assistant United States Attorney Kathryn L. Smith ("AUSA Smith") had no authority to represent the defendants, despite AUSA Smith having filed a notice of appearance (Dkt. 16) on January 24, 2014.  (Dkt. 23 at 3-4).

Less than a week later, on February 10, 2014, Plaintiff filed a 119-page motion (with exhibits) requesting that the public access restrictions placed on certain exhibits which contained his Social Security number and bank account information be lifted. (Dkt. 24 at 2).  Plaintiff made numerous additional requests of the Court based on the appearance of certain items on PACER.  (*Id.* at 4-5).  Plaintiff accused the Court's staff of having suppressed his exhibits "in order to preclude the Judge from knowing that they exist so that she or he would render a favorable ruling to the defendant" in "blatant violation of the Plaintiff's Human Rights."  (*Id.* at 11).  Again, access to the exhibits had been limited to the parties and court-users because Plaintiff had submitted unredacted documents setting forth his Social Security number and banking information.  Plaintiff also made various unfounded accusations against the United States Marshals Service based on his displeasure with the manner in which they had served his complaint, stating that they "could be indicted for breach of contract, manipulation of U.S. Mail, violation of the Federal Law in the service of process, fraudulent collection of money without rendering the services for which money was paid to them." (*Id.* at 14-15).

Four days later, on February 14, 2014, Plaintiff filed a 198-page motion (including exhibits).  (Dkt. 29).  Plaintiff asked the Court, in part, to order the United States

Marshals Service to serve his complaint on the Department of Veterans Affairs and the United States Postal Service, and to order the Department of Veterans Affairs to pay him $4,213.81. (*Id.* at 2-3).

On March 11, 2014, Plaintiff filed a 51-page motion (with exhibits) asking the Court to order the Department of Veterans Affairs to "release" his "COBRA package." (Dkt. 30 at 1-2). This motion sought damages related to Plaintiff's allegedly wrongful termination despite liability not having been established and the majority of the defendants having not yet answered or otherwise responded to the complaint.

On March 21, 2014, I held a status conference in this matter. (Dkt. 32). I explained to Plaintiff that the conference had been called specifically because of the unusual number of motions he had filed. (Dkt. 57 at 3:6-12). I further explained to him that it would likely be "several months" before any decision would be rendered on his motions (*id.* at 4:10-13); that it would likely be a considerable time before a trial would be scheduled (after completion of discovery and dispositive motions) (*id.* at 5:7-6:2); that if he filed a motion and did not get an immediate response from the Court, he should not file another motion seeking the same relief (*id.* at 8:3-10); and that his filing of frivolous or improper motions would risk the imposition of sanctions under Federal Rule of Civil Procedure 11 (*id.* at at 8:16-9:5; 25:6-17; 26:8-22).

Unfortunately, these warnings seem to have had little or no impact on Plaintiff's conduct in this litigation. On April 17, 2014, Plaintiff filed a document purporting to be a motion for default judgment against the VA Medical Center, Canandaigua, NY, despite

having not complied with Federal Rule of Civil Procedure 55 and first sought a Clerk's entry of judgment. (Dkt. 44). The Clerk of the Court's office filed this document as a request for a Clerk's entry of judgment pursuant to Federal Rule of Civil Procedure 55 and denied the request. Plaintiff then sent a letter to the Court dated April 28, 2014, in which he protested the Clerk of the Court's office's denial of his request and accused the Clerk of the Court's staff of having usurped the role of the judge and defense counsel. (Dkt. 48). The Court deemed this letter a second motion for a default judgment and entered a Decision and Order denying Plaintiff's request on April 30, 2014 (the "April 30th Decision and Order"). (Dkt. 49).

Between April and June of 2014, the parties made numerous filings related to the then-pending motions. In early June of 2014, Plaintiff sent the Court a letter indicating that he would be out of the country until mid-July. (*See* Dkt. 55).

The September 29th Decision and Order was issued on September 29, 2014, and resolved all then-outstanding motions. (*See* Dkt. 58 at 3). Following entry of the September 29th Decision and Order, I referred this matter to United States Magistrate Judge Jonathan W. Feldman "for all pretrial matters excluding dispositive motions." (Dkt. 62).

On October 1, 2014, Plaintiff filed a 41-page motion (including exhibits) asking the Court to "release" its decision on his previously filed motions, to issue a decision on his complaint, and to make changes to the transcript of the status conference held on March 21, 2014. (Dkt. 59 at 1-5). Plaintiff had previously sent the Court a letter dated

August 11, 2014, in which he claimed that the court reporter had made "major and minor omissions of salient points and misrepresentations" in the transcript and asked that the Court make wholesale changes to the transcript based solely on his representation that he had not said what the court reporter recorded. (*Id*. at 36-40). Plaintiff accused the court reporter of having "deformed and completely rendered meaningless" his statements. (*Id*. at 39).

On October 14, 2014, Plaintiff filed his 203-page motion (with exhibits) for recusal, reconsideration, and leave to amend. (Dkt. 63). In this motion, Plaintiff once again demanded a jury trial (*id*. at 18), despite having been instructed by the Court that "your demand for a jury trial has been made. You no longer need to make any further demands for a jury trial. . . ." (Dkt. 57 at 13:16-19). Defendant filed his opposition to this motion on November 5, 2014, and Plaintiff filed a reply on November 13, 2014. (Dkt. 67, 68).

Defendant filed his motion to enjoin Plaintiff from filing any further motions without leave of the Court on November 4, 2014. (Dkt. 65). Plaintiff filed his opposition on November 13, 2014. (Dkt. 68).

Despite having been specifically told that he should not file multiple motions seeking the same relief (*see* Dkt. 57 at 8:3-10), Plaintiff filed his second, 61-page motion for recusal on November 25, 2014. (Dkt. 71). The Court entered a scheduling order giving Defendant until December 10, 2014, to file any further opposition papers (Dkt. 72); Defendant made no further filings.

In addition to the filings noted above, Plaintiff has sent numerous letters to the Court throughout the course of this litigation making various requests and demands. Many of these letters have been included as exhibits to his later filings. (*See, e.g.,* Dkt. 59 at 32-34, 36-40; Dkt. 63-1 at 16-18).

## DISCUSSION

### I. Motions for Recusal

Plaintiff has filed two motions asking me to recuse myself. (Dkt. 63, 71).   In his first motion, Plaintiff requests that I "reevaluate[] the roles" I have played in this litigation and that I reevaluate my "professional relationship with the Assistant U.S. Attorney Kathryn L. Smith who is the defendants' counsel with whom [I serve] as members of the same Court officials working in the same Court building as colleagues." (Dkt. 63 at 2).  Plaintiff argues that I have "demonstrated bias and prejudice" toward him by my "actions or omissions as it relates to the things [I] have done, said or written, or failed to do or say contrary to the law, in the handling of this Plaintiff's civil rights suit. . . ." (*Id.*).  Specifically, Plaintiff argues that my referral of non-dispositive pretrial matters to Judge Feldman is evidence of bias and prejudice, and that I retaliated against him for having not consented to have this matter heard in its entirety by a magistrate judge by denying his various motions.  (*Id.* at 2-3).  Plaintiff also argues that I have refused to honor his request for a jury trial. (*Id.* at 3).  Plaintiff further claims that various docketing errors made by the Clerk of the Court's office with respect to the electronic

filing of the voluminous documents he has filed in this Court are evidence of bias against him. (*Id.* at 4, 7).

Plaintiff's second motion for recusal (Dkt. 71) is largely duplicative of his first motion for recusal (Dkt. 63). Plaintiff does raise an additional argument – namely, that I retaliated against him for filing his previous recusal motion by somehow conspiring with defense counsel to cause Defendant to file a motion to enjoin Plaintiff from filing further motions without leave of the Court. (Dkt. 71 at 2). Plaintiff further asks the Court to require AUSA Smith to "step out of the processing of the Plaintiff's discrimination complaint" because "the United States is not named as a defendant or a party" and she allegedly "faked her way into this action. . . ." (*Id.* at 4-5).

I have considered the arguments made by Plaintiff in favor of his motions for recusal and find them to be without merit. For the reasons set forth below, Plaintiff's recusal motions are denied.

A.    **Legal Standard**

28 U.S.C. § 455 requires a federal judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," and/or "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ." 28 U.S.C. § 455(a), (b)(1). "[R]ecusal motions are committed to the sound discretion of the district court. . . ." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). In deciding whether to recuse, a judge

considers whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned?" *Id.*

### B.    Recusal is not warranted

Plaintiff's motions for recusal are based almost entirely on his perception that my decisions in this action have unduly favored Secretary McDonald and the previously dismissed defendants.   Plaintiff speculates, with no factual basis, that I have made my decisions not by considering the law and the facts, but with an eye towards disadvantaging Plaintiff.  He offers several supposed motivations for this bias, none of which has any merit.

Plaintiff posits that I am unduly prejudiced against him because I have a professional relationship with AUSA Smith. (Dkt. 63 at 28-29). Plaintiff has misapprehended the relationship between the United States Attorney's Office and the District Court.   Although both are arms of the federal government and housed in the federal building in Rochester, New York, they are completely independent agencies. AUSA Smith is not, contrary to Plaintiff's assertions, an employee or official of the Court, and the United States Attorney's Office is treated the same by this Court as counsel for any other party.

It is not difficult to see that Plaintiff's argument, followed to its logical conclusion, would disqualify every judge of this Court from hearing his case.  If working in the same building as the United States Attorney's Office was a basis for recusal, the business of the

Court would grind to a halt. Plaintiff has not presented evidence, nor is it the case, that I have a personal relationship with AUSA Smith that would warrant recusal.

Plaintiff's request that AUSA Smith be removed from this case is equally meritless. Although it is true that the United States of America is not a party to this matter, the United States Attorney's Office represents the United States **and** its agencies, officers, and employees when they are sued for acts undertaken in their official capacities. *See* 28 U.S.C. § 547(2); *Carter v. Am. Exp. Isbrandtsen Lines, Inc.*, 411 F.2d 1185, 1186 (2d Cir. 1969) (it is proper for the United States Attorney's Office to represent agents of the United States). The Department of Veterans Affairs, its employees, and Secretary McDonald are indisputably entitled to representation by the United States Attorney's Office.

With respect to Plaintiff's argument that I have retaliated against him for refusing my "demands" that he consent to magistrate jurisdiction (*see* Dkt. 63 at 18), again, Plaintiff's allegations have no basis in law or fact. I have never suggested or "demanded" that Plaintiff consent to magistrate jurisdiction. Instead, as Plaintiff states in his own papers, I explained to Plaintiff that his consent was not required for the Court to refer non-dispositive pretrial matters to a magistrate judge. (*See id.*). I further explained to Plaintiff that it is my practice in all civil cases, as it is throughout this District, to refer non-dispositive pretrial matters to a magistrate judge. (Dkt. 63-1 at 4).

"As a matter of case management, a district judge may refer nondispositive motions . . . to a magistrate judge for decision **without the parties' consent**." *Fielding v.*

*Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (emphasis added); *see also Reichle v. United States*, No. 3:12-CV-1121 RNC, 2013 WL 5517860, at *2 (D. Conn. Oct. 2, 2013) ("[N]o consent is needed for a Magistrate Judge to preside over non-dispositive pretrial matters, which was the scope of the referral here."); *Terio v. Putnam Cnty. Hous. Auth.*, No. 98CIV.8062(KMW)(HBP), 1999 WL 946103, at *1 (S.D.N.Y. Oct. 18, 1999) ("[I]t is fundamental that a party's consent is not necessary for non-dispositive matters, such as scheduling, to be referred to a Magistrate Judge. . . ."). 28 U.S.C. § 636(b)(1)(A) sets forth the authority of the District Court to make such a referral.

Plaintiff has been treated like every other civil plaintiff that appears before me with respect to referral to a magistrate judge. I have never suggested that he should consent to have this action heard in its entirety by a magistrate judge, nor have I retaliated against him for declining to do so. Civil litigants routinely decline to consent to magistrate jurisdiction. Plaintiff's case is not unique in this regard, and a reasonable observer would not believe that I was biased against Plaintiff as a result of his decision to keep this action before a district judge.

The docketing errors that have occurred in this matter are also not evidence of bias on my part. Electronic docketing is handled by employees of the Clerk of the Court's office and is not controlled or directed by any individual district judge or her staff. When Plaintiff has alerted my chambers to errors on the electronic docket, my staff has worked with the Clerk of the Court's office to see that they are remedied. It is understandable, given the sheer volume of documents filed by Plaintiff in this matter, that minor

docketing errors might occur.  Of course, the Court has access to, and has always reviewed in issuing decisions and orders in this matter, the original documents filed by Plaintiff.

I am hesitant to give Plaintiff's accusations of conspiracy and wrongdoing by myself and AUSA Smith more attention than they deserve.  Needless to say, these accusations have no basis in fact, and Plaintiff has not proffered any evidence beyond his own meritless suppositions.  I have no control over the motions filed by Defendant's counsel, nor have I ever spoken to AUSA Smith about her litigation strategy or suggested that she should conduct herself in any particular manner.  Any alleged conspiracy between us exists only in Plaintiff's imagination.

I also have not denied Plaintiff's request for a jury trial. (*See* Dkt. 63 at 18). Plaintiff's request was acknowledged on the record.  (*See* Dkt. 33).  To the extent that Plaintiff is arguing that the procedural mechanism of a motion to dismiss is incompatible with his right to a jury trial, he has again misapprehended the law.  It is well-established that:

> [i]n our Constitutional system, the judge and the jury have separate, yet equally important constitutional roles: While the jury is to resolve disputed questions of fact, it is the role of the judge to interpret the law.  *See* U.S. Const. Am. VII ("no *fact* tried by a jury").  If the plaintiff's case lacks merit as a matter of law even if he manages to prove all of the facts he says he will in his complaint, the judge may find for the defendant without submitting the case to a jury.

*Huelbig v. Aurora Loan Servs., LLC*, No. 10 CIV. 6215 RJH THK, 2011 WL 4348275, at

*1 (S.D.N.Y. Sept. 16, 2011) (citing *Slocum v. New York Life Ins. Co.*, 228 U.S. 364, 369

(1913)).  The granting of a motion to dismiss Plaintiff's legally insufficient claims does not impair his right to a jury trial as to any genuinely disputed material facts.

Finally, Plaintiff's disagreement with my legal conclusions is not evidence of bias or prejudice.  As the Supreme Court of the United States has explained, judicial rulings are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  There is no evidence in this case that I have based my decisions on anything other than my honest view of the law and the facts.

Reviewing the record in this case, I conclude that no reasonable observer would question my impartiality.  I also conclude that there is no evidence that I am biased or prejudiced against Plaintiff.  Plaintiff's motions for recusal are denied.

## II.   Motion for Reconsideration

Plaintiff has also moved the Court to reconsider the April 30th Decision and Order and portions of the September 29th Decision and Order.  (Dkt. 63 at 18, 32-33).  In support of this motion, Plaintiff repeats the arguments he made in support of his initial motions, albeit with the additional argument that the Court deliberately ignored the law and the facts in the first instance.  Because Plaintiff has not demonstrated that reconsideration is appropriate, his motion is denied.

### A.   Legal Standard

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration."  *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th

Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285-CJS, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As noted by the Second Circuit Court of Appeals, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States. v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862,

at *1 (W.D.N.Y. Dec. 17, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

**B.     Reconsideration is Not Warranted**

In this case, Plaintiff has not raised new or additional evidence or arguments in favor of his motion for reconsideration, nor does he contend that there has been an intervening change in controlling law.   Instead, he simply repeats the arguments he originally made, and accuses the Court of having "take[n] the place of the defendants counsel to respond to motion" and having "withheld"  various documents filed by the Plaintiff because they "contain powerful factual allegations. . . ." (Dkt. 63 at 7, 13).

The arguments raised by Plaintiff in his motion for reconsideration are no more meritorious now than they were when the Court originally ruled on them.   The Court need not repeat the analysis set forth in the April 30th Decision and Order and/or the September 29th Decision and Order, which considered the arguments raised by Plaintiff and set forth this Court's interpretation of the relevant law.   It is sufficient to note that Plaintiff has not demonstrated clear error requiring reconsideration.

However, there is one argument raised by Plaintiff that merits additional comment. Plaintiff argues that the Court incorrectly calculated the time period between his receipt of the Office of Employment Discrimination Complaint Adjudication's ("OEDCA") final decision on his complaint of wrongful discharge and his commencement of the instant action, and that he commenced this action within 90 days of having received the final decision.  (Dkt. 63 at 9-10).  As set forth by the Court in the September 29th Decision

and Order, pursuant to 29 C.F.R. §§ 1614.302(d)(ii) and 1614.310(a), Plaintiff had **30 days** from receipt of OEDCA's final decision with respect to his termination to either appeal the matter to the Merit Systems Protection Board or file an action in federal court. (*See* Dkt. 58 at 31). As a result, even accepting Plaintiff's proposed calculations (*i.e.* from July 19, 2013, to October 12, 2013), his claims based on his termination were untimely.

Plaintiff has failed to meet the high standard necessary to justify reconsideration of this Court's prior orders. His motion for reconsideration is denied.

## III.   Motion for Leave to Amend

In the September 29th Decision and Order, the Court denied Plaintiff's second and third motions for leave to amend (Dkt. 42, 51) and stated: "[i]f Plaintiff wishes to include the additional allegations set forth in Docket 51, he must submit a motion for leave to amend that includes a complete proposed amended complaint that sets forth in one document all of Plaintiff's allegations. . . ." (Dkt. 58 at 32) (emphasis omitted). Plaintiff has now done so. (*See* Dkt. 63, Exs. 2, 3). Defendant has not filed any substantive opposition to Plaintiff's request for leave to amend.

### A.   Legal Standard

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to

deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

**B.     Plaintiff's Motion for Leave to Amend is Granted in Part and Denied in Part**

The Court has reviewed Plaintiff's proposed amended complaint. (Dkt. 63, Exs. 2, 3). There are portions of the proposed amended complaint that are inconsistent with the Court's prior rulings in this matter. For example, the proposed amended complaint repeatedly refers to individual employees of the Department of Veterans Affairs as "defendants," despite this Court having substituted Secretary McDonald as the sole defendant in this action. Moreover, the proposed amended complaint includes various allegations against Plaintiff's former attorney, William E. Burkhart, Jr., Esq., and Administrative Law Judge ("ALJ") James Gilbert (*see* Dkt. 63-3 at ¶¶ 163-73), despite the Court's prior holding that Mr. Burkhart and ALJ Gilbert are not proper defendants in this matter. The Court holds that to the extent it seeks to assert claims already dismissed by this Court, the proposed amended complaint is futile. *See Huang v. iTV Media, Inc.*, 13 F. Supp. 3d 246, 264 (E.D.N.Y. 2014) (denying leave to amend previously dismissed claim as futile).

Plaintiff was *pro se* at the time he made his motion for leave to amend, and may not have understood that his proposed amended complaint could not contain claims already dismissed by the Court. The Court will thus accept Plaintiff's proposed amended complaint except to the extent it seeks to assert claims already dismissed by this Court – *i.e.* claims against the individual employees of the Department of Veterans Affairs and

the United States Postal Service named in the proposed amended complaint; claims against William E. Burkhart, Jr.; claims against ALJ James Gilbert; claims related to the handling of Plaintiff's equal opportunity employment ("EEO") complaint by the Office of Resolution Management ("ORM") and/or OEDCA; or claims based on his termination. (*See* Dkt. 58 at 32-33).

Plaintiff's proposed amended complaint (Dkt. 63, Exs. 2, 3)) shall be deemed the operative pleading in this matter, except for the following portions, which are not accepted by the Court: (1) any reference to any individual or entity other than Secretary McDonald as a "defendant"; (2) paragraphs 50-59, which set forth a claim based on Plaintiff's claimed wrongful termination; (3) paragraphs 117-126, which set forth claims based on ORM/OEDCA's handling of Plaintiff's EEO complaint; and (4) paragraphs 163-173, which set forth claims against James Gilbert and William E. Burkhart, Jr. *See Daniels v. Loizzo*, 174 F.R.D. 295, 301 (S.D.N.Y. 1997) (granting leave to amend only as to some proposed amended claims and ordering the plaintiff to serve and file a revised amended complaint complying with the provisions of order); *Jose Armando Bermudez & Co. v. Bermudez Int'l, Inc.*, No. 99 CIV. 9346(AGS), 2001 WL 1382582, at *5 (S.D.N.Y. Nov. 6, 2001) (granting motion for leave to amend in part and denying in part, and directing the plaintiff to file amended complaint omitting futile portions). Any remaining references in the amended complaint to Plaintiff's EEO complaints and Plaintiff's discharge shall be used for background purposes only and shall not be deemed to state causes of action inconsistent with the Court's prior orders. Defendant is directed to file

and serve an answer to the amended complaint within twenty (20) days of entry of this Decision and Order.

## IV. Defendant's Motion to Enjoin Plaintiff from Filing Further Motions without Leave of the Court

Defendant has filed a motion asking that Plaintiff be enjoined from filing any further motions in this matter without leave of the Court.   (Dkt. 65).   Defendant argues that Plaintiff has shown himself to be a vexatious litigant who has failed to heed the Court's warning against duplicative, frivolous motion practice.   Plaintiff opposes the motion by impugning the motives of defense counsel and the Court, and by repeating the arguments made in his motions for recusal.[3]   (Dkt. 68 at 1-10).   For the reasons set forth below, Defendant's motion is denied without prejudice.   However, Plaintiff is cautioned that further filing of frivolous motions or other vexatious behavior on his part may result in the entry of a filing injunction against him.

---

[3]     Plaintiff also argues that the Court should disregard Defendant's papers because they are electronically signed by AUSA Smith, rather than containing a physical signature. (*See* Dkt. 68 at 1).  Contrary to Plaintiff's arguments, the Western District of New York's Administrative Procedures Guide specifically provides that for registered users of the CM/ECF system, "[t]he username and password required to file documents on the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with this Court. The[y] also serve as a signature for the purposes of Fed. R. Civ. P. 11, the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before this Court."     Administrative Procedures Guide at 11 (available online at http://www.nywd.uscourts.gov/sites/default/files/Administrative%20Guide%20%20amen ded%20June%202011.pdf).

A.     **Legal Standard**

This Court has the power, pursuant to the All Writs Act, 28 U.S.C. § 1651[4], to

issue an injunction limiting vexatious litigation.  *See In re Martin-Trigona*, 737 F.2d

1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect

the public and the efficient administration of justice from [a vexatious litigant's] litigious

propensities").  "[T]he traditional standards for injunctive relief, *i.e.* irreparable injury

and inadequate remedy at law, do not apply to the issuance of an injunction against a

vexatious litigant."  *Id.*   Instead, the Second Circuit Court of Appeals has enumerated

five factors to be considered in restricting a litigant's access to the court system:

> (1) the litigant's history of litigation and in particular whether it entailed
> vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in
> pursuing the litigation, e.g., does the litigant have an objective good faith
> expectation of prevailing?; (3) whether the litigant is represented by
> counsel; (4) whether the litigant has caused needless expense to other
> parties or has posed an unnecessary burden on the courts and their
> personnel; and (5) whether other sanctions would be adequate to protect the
> courts and other parties.

*Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)

(quotation omitted).

B.     **A Filing Injunction is Not Warranted at this Time**

Considering the first factor set forth above, a colorable argument exists that

Plaintiff is a vexatious litigant.  As set forth in detail above, Plaintiff has demonstrated a

consistent pattern of filing duplicative, voluminous, and meritless motions.  Despite

---

[4]     The statute provides: "The Supreme Court and all courts established by Act of
Congress may issue all writs necessary or appropriate in aid of their respective
jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

having been explicitly warned by the Court not to file frivolous or duplicative motions, he has continued to do so. The Court specifically told Plaintiff that he should not file multiple motions seeking the same relief. (*See* Dkt. 57 at 8:3-10 ("One thing I want to caution you about, if you file a motion and you don't get an answer from the Court right away, don't file another motion asking for the same relief. The Court has your motions. The Court will render a decision on any properly filed motions, but just because you don't hear from the Court about an issue doesn't mean that you need to file another motion asking for the same relief.")). Despite this admonition from the Court, Plaintiff has continued to file seriatim motions seeking the same relief. For example, Plaintiff filed a recusal motion on October 14, 2014. (Dkt. 63). Just over one month later, he filed a second motion seeking identical relief. (Dkt. 71). Together with their exhibits, these motions consist of more than 250 pages. Reviewing these motions has taken considerable time and effort by this Court. Similarly, although he has styled it a motion for reconsideration, Plaintiff's motion filed at Docket No. 63 repeats the same arguments already made by Plaintiff in support of his numerous previous motions.

Nonetheless, and taking into account Plaintiff's formerly *pro se* status and his lack of legal training, the Court concludes that Plaintiff's conduct has not risen to the level that would justify imposition of a filing injunction at this point in time. Although Plaintiff did file motions seeking identical relief in October and November of 2014, he has not filed any additional motions since that time.

With respect to the second factor (the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?), the Court again takes into account Plaintiff's formerly *pro se* status. It is clear from Plaintiff's papers that he sincerely believes his allegations and arguments have merit. Of course, a subjective belief in the merits of one's case does not justify the filing of frivolous motions, and Plaintiff is once again warned that ongoing filing of frivolous or meritless motions may result in the imposition of sanctions.

Perhaps most importantly, Plaintiff is now represented by counsel. (Dkt. 76). The third factor thus weighs against entry of a filing injunction, inasmuch as Plaintiff's counsel is bound by the ethical rules constraining attorneys. *See Iwachiw*, 396 F.3d at 529. The Court trusts that Plaintiff's counsel will conduct herself in a professional and appropriate manner, and that her appearance signifies the end of the conduct described in detail above.

Although Plaintiff has also repeatedly posed an unnecessary burden on this Court and its personnel, again, the appearance of counsel on behalf of Plaintiff significantly reduces the risk that such conduct will continue.

Based on the history of this case, the Court concludes that a filing injunction is not necessary at this time to adequately protect the courts and other parties. As a result, Defendant's motion is denied. However, Plaintiff is strongly cautioned that any further frivolous conduct on his part, including making multiple motions seeking the same relief, or submitting otherwise frivolous filings, may result in the entry of a filing injunction

- 23 -

against him.  As a result, Defendant's motion is denied without prejudice and the Court will entertain another motion seeking this relief if Plaintiff's conduct continues.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions for recusal are denied, Plaintiff's motion for reconsideration is denied, Plaintiff's motion for leave to amend is granted in part and denied in part, and Defendant's motion to enjoin Plaintiff from filing any further motions without leave of the Court is denied without prejudice.

The Clerk of the Court is directed to file Plaintiff's amended complaint (Dkt. 63, Exs. 2, 3), which shall be deemed the operative pleading in this matter, except for:  (1) any reference to any individual or entity other than Secretary McDonald as a "defendant"; (2) paragraphs 50-59, which set forth a claim based on Plaintiff's claimed wrongful termination; (3) paragraphs 117-126, which set forth claims based on ORM/OEDCA's handling of Plaintiff's EEO complaint; and (4)  paragraphs 163-173, which set forth claims against William E. Burkhart, Jr. and James Gilbert.  Defendant is directed to answer the amended complaint within twenty (20) days of entry of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge


Dated:       January 21, 2015
             Rochester, New York