UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER EZEH,

               Plaintiff,

     v.

ROBERT A. MCDONALD, Secretary of
Veterans Affairs,

              Defendant.

**DECISION AND ORDER**

6:13-CV-6563 EAW

---

On May 5, 2015, *pro se* Plaintiff Christopher Ezeh ("Plaintiff") filed a motion for summary judgment. (Dkt. 84). On May 13, 2015, Plaintiff filed a motion asking the Court to "expunge" page 4 of the scheduling order entered by the Hon. Jonathan W. Feldman, United States Magistrate Judge, on May 7, 2015 (Dkt. 85), and to order Defendant to respond to Plaintiff's summary judgment motion. (Dkt. 86). For the reasons set forth below, Plaintiff's motions are denied.

Plaintiff's motion for summary judgment fails to comply with the Federal Rules of Civil Procedure and with this Court's Local Rules of Civil Procedure. Specifically, Plaintiff has failed to support his motion for summary judgment with citations to admissible evidence as required by Federal Rule of Civil Procedure 56(c)(1)(A) and Local Rule of Civil Procedure 56(a)(3). Instead, Plaintiff cites to various "exhibits" he has previously filed with this Court that have not been submitted in admissible form, and/or relies on the allegations of his complaint. (*See* Dkt. 84-1). On a motion for summary

judgment, factual assertions that are not supported by admissible evidence must be disregarded. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).

It is within the Court's discretion to deny a procedurally improper motion. *See Roda v. Comm'r of Soc. Sec.*, 338 F. App'x 39, 40 (2d Cir. 2009). Here, because the Court determines that Plaintiff's motion for summary judgment fails to comply with the procedural rules, it would be a misuse of the Court's time and the parties' time to require a response from Defendant. Plaintiff's motion for summary judgment is denied.

Plaintiff's motion to "expunge" page 4 of the scheduling order and to order Defendant's counsel to respond to his motion for summary judgment is procedurally improper and frivolous on its face. Page 4 of the scheduling order is nothing more than a standard notice to a *pro se* litigant faced with a summary judgment motion. (Dkt. 85 at 4). Consistent with the Second Circuit Court of Appeals' ruling in *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001), the scheduling order states that this notice must be provided to Plaintiff if Defendant makes a summary judgment motion. (*Id.* at 1-2). Contrary to Plaintiff's assertions, nothing in the scheduling order indicates or implies that Defendant has a currently pending motion for summary judgment. Plaintiff's frivolous request to "expunge" page 4 is denied.

Plaintiff has been cautioned by this Court to refrain from making frivolous or otherwise improper motions. (Dkt. 77 at 23-24). The Court is concerned that the withdrawal of Plaintiff's counsel (Dkt. 82) heralds a return to Plaintiff's previous practice of filing seriatim meritless motions. If this proves to be the case, the Court will not

hesitate to enter an injunction prohibiting Plaintiff from filing motions without leave of the Court, as Plaintiff has previously been warned.  (Dkt. 77 at 22-23).

    SO ORDERED.

                                        Elizabeth A. Wolford
                                        United States District Judge

Dated:       May 20, 2015
                Rochester, New York