UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────
CHRISTOPHER EZEH,

            Plaintiff,

v.

HON. ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS,

            Defendant.
─────────────────────────────

DECISION & ORDER
13-CV-6563

Currently pending before the Court are three discovery-related motions: (1) defendant's Motion to Compel plaintiff to cooperate in discovery; (2) plaintiff's Motion to Compel; and (3) defendant's Motion to extend discovery deadlines.[1] See Docket ## 107, 118. Since the filing of these motions, plaintiff has filed a Motion for Summary Judgment, currently pending before Judge Wolford. See Docket # 130.

1.    Defendant's Motion to Compel:

Defendant contends that plaintiff has not responded to the government's discovery demands in this case and did not appear for his scheduled deposition. Defendant's Motion to Compel at 2 (Docket # 107). Hence, the defendant has moved for an Order compelling plaintiff to respond to the defendant's written

───────────

[1] By Order of Judge Elizabeth A. Wolford, dated October 8, 2014, all pretrial motions have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 62). In response to plaintiff's contention that I am "not vested with the authority" to decide the present motion, plaintiff is reminded that consent is not required for the referral of nondispositive motions and other pretrial matters to a United States Magistrate Judge. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions . . . to a magistrate judge for decision without the parties' consent.").

demands and to appear for his deposition. Id. Plaintiff has responded to the defendant's Motion with claims that defense counsel "forfeited her right to take discovery by having willfully declined to submit a validly framed and signed PDP to the Court." See Plaintiff's Response in Opposition at ¶ 13 (Docket # 115). Plaintiff also contends that because the Scheduling Order is titled a "Civil Pro Se Scheduling Order," it is a schedule that applies to him only, and defendant "opted out" of the discovery process. Id. at ¶ 16. Regarding his failure to appear for a scheduled deposition, plaintiff contends that he wrote a letter to defense counsel stating that he "would not like to entertain any distraction" and that "[a]ll depositions should wait [until] August," after he had received all of his discovery demands. Id. at ¶¶ 23, 25. However, the defendant states that plaintiff has made no effort to reschedule the deposition for a mutually agreed-upon date. See Defendant's Motion to Compel at 3 (Docket # 107).

"Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them," especially in civil litigation. LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995). This includes participation in the discovery process. See Davis v. Citibank, N.A., 607 F. App'x 93, 94 (2d Cir. 2015). A plaintiff's refusal to appear for his own

2

deposition may merit dismissal of his case under Federal Rule of Civil Procedure 37. <u>Id.</u> As I have noted in multiple orders issued in this case, my Scheduling Order applies to both plaintiff and defendant. Plaintiff has commenced an action against the Secretary of Veteran Affairs seeking damages for alleged discrimination and retaliation. Defense counsel is entitled to discover from plaintiff information regarding his claims, including deposing him. Plaintiff's objections to participating in the discovery process are without merit.

Accordingly, plaintiff and defense counsel shall confer and agree on a mutually acceptable date for plaintiff to be deposed. Such date shall be within **forty-five (45) days** from entry of this Order. Further, plaintiff shall participate in the discovery process as ordered in the Scheduling Order issued by this Court. Defendants need not refile their discovery requests, and plaintiff shall respond to the defendant's outstanding discovery requests within **thirty (30) days** of entry of this Order.

Should plaintiff fail to appear for a deposition or otherwise refuse to cooperate with discovery, this Court will consider the appropriateness of sanctions. Although dismissal of a plaintiff's case is a "drastic remedy," it may be warranted when, "due to willfulness or bad faith, [litigants] fail to comply with discovery orders after being warned that

3

noncompliance can result in dismissal." Proctor v. Poole, 233 F.R.D. 323, 325 (W.D.N.Y. 2006).

For these reasons, defendant's Motion to Compel (Docket # 107) is **granted**.

2. Plaintiff's Motion to Compel:

Plaintiff makes a number of demands related to discovery. First, plaintiff's demand for defendant to provide him with a "validly framed and signed Proposed Discovery Plan" is **denied**. See Plaintiff's Motion to Compel at 3 (Docket # 118). Second, plaintiff's demand that defendant pay $580.00 for "failure to participate in good faith in developing and submitting a validly framed Proposed Discovery Plan (PDP)" is **denied**. Third, plaintiff's request for defendant to reschedule plaintiff's deposition is **granted** so long as such deposition occurs in accordance with this Decision and Order.

Plaintiff's remaining demands include: (a) requiring defendant to answer questions 8 and 15 in plaintiff's propounded interrogatories; (b) requiring that the defendant redact all personal information from court documents; (c) requiring that the Court remove from the record reference to plaintiff's failure to appear at a prior scheduled deposition; (d) permitting plaintiff to proceed with thirty-one defendant depositions; and (e) ordering the defendant to produce certain requested documents. Based on my review of these demands and

4

the papers submitted, the Court orders the following:

<u>Plaintiff's Request for Revised Interrogatory Responses:</u>

Plaintiff provided two sets of interrogatories to defendant. <u>See</u> Docket ## 90, 96. Defendant responded to plaintiff's first set of interrogatories on July 21, 2015. <u>See</u> Response to Discovery Request (Docket # 110). Plaintiff alleges that the response does not include answers for questions 8 and 15. <u>See</u> Plaintiff's Motion to Compel at 3 (Docket # 118). Defendant's response states that they will file a revised response answering interrogatory questions 8 and 17, answered by a representative of the Department of Veterans Affairs who furnished the responsive information. <u>See</u> Defendant's Response in Opposition at 4 (Docket # 124). The Court assumes that defendants were mistaken, and intended to write that they will file revised interrogatory answers to questions 8 and **15**. Based on defendant's agreement, plaintiff's Motion is **granted**, and defendants are directed to file amended interrogatory answers to questions 8 and 15 within **thirty (30) days** of this Order.

<u>Plaintiff's Demand to Redact Personal Information:</u>

Plaintiff requests that all personal identifying information contained in documents filed with the Court be redacted. <u>See</u> Plaintiff's Motion to Compel at 4, ¶¶ 1-4 (Docket # 118). On July 29, 2015 this Court entered an Order that all discovery documents electronically filed in this matter be

5

sealed and/or restricted from public access. See Order (Docket # 117). That Order is still in effect. Plaintiff's Motion is therefore denied as **moot**.

Expunging Reference of Plaintiff's Absence from the Record:

As noted above, plaintiff failed to appear on June 24, 2016 for his deposition. See Exhibit "G", Defendant's Motion to Compel (Docket # 115). Plaintiff seeks to remove any reference of his failure to appear arguing that the deposition was "tentatively" scheduled and defendant did not reschedule it for a date in August as plaintiff had requested. See Plaintiff's Motion to Compel at 4 (Docket # 118). Plaintiff's response to being properly served was insufficient to indicate that a new deposition had to be scheduled. Additionally, plaintiff did not attempt to reschedule the deposition. On the day and time of his scheduled deposition, plaintiff failed to appear. The court reporter made the record that plaintiff did not appear, and that became the certified transcript. This document has no bearing on the merits of plaintiff's claims and only appears on the docket as part of defendant's Motion to Compel. Judges cannot order documents to be altered or "expunged" simply because a party disagrees with their contents. Therefore, plaintiff's Motion is **denied.**

Plaintiff's Motion to Hold Thirty-One Depositions:

On June 15, 2015, plaintiff served a notice of deposition

demanding the defendant to produce thirty-one witnesses for depositions. See Docket # 97. Plaintiff states the depositions are necessary based on the "magnitude of the charges and the severity of those charges and the number of individuals involved in the" claims. Notice/Request to Take 32 Depositions at 1 (Docket # 98).

Rule 30 of the Federal Rules of Civil Procedure guides the practice for taking depositions. Each party is allowed to take depositions of any person as a matter of right, but must seek leave of the court if the number of depositions will exceed ten. Fed.R.Civ.P. 30(a)(2)(A)(i). In deciding whether to grant leave to take additional depositions, the court must consider whether

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2); see also Victory v. Pataki, No. 02-CV-00315S, 2008 WL 4500202, at *1 (W.D.N.Y. Sept. 30, 2008).

Here, following a Motion to Dismiss, twenty-one defendants were terminated from this case. See Docket # 24. What remains in this lawsuit is an employment discrimination claim against

the VA during a four month period in 2012. Plaintiff may not engage in discovery to investigate claims and defendants that have already been dismissed. More importantly, it appears that plaintiff has not yet deposed anyone in this case. Until some discovery has been conducted and plaintiff sets forth more substantive and detailed reasoning why he still needs additional depositions, this Court is not convinced that plaintiff needs to exceed the ten deposition limit. In addition, other types of discovery devices, such as interrogatories, document demands and requests to admit may prove just as successful in obtaining the desired information with limited burden on defendant. Accordingly, based on the present record, plaintiff's Motion for leave to depose twenty-one additional individuals is **denied without prejudice**. Should plaintiff find that he needs additional depositions in the future, he may make a motion to the Court at that time with a showing of cause.

Plaintiff's Demand for Production of Documents:

Plaintiff has requested that defendant produce a variety of documents allegedly related to his claims. See Plaintiff's Request for Production of Documents (Docket # 93). Defendant responded by producing over one thousand pages of discovery. See Response to Discovery Request (Docket ## 99-102). In this Motion to Compel, plaintiff asserts that some of the requested documents have not been produced or have been altered or

8

amended. Insofar as plaintiff's motion asks defendant to provide documents already submitted or new copies of already supplied documents, this Motion is **denied**. In addition, insofar as plaintiff demands documents that do not exist, this Motion is **denied**. See Plaintiff's Motion to Compel, Exhibit #1 at 16 (Docket #118). Plaintiff also has demanded documents that contain sensitive personal information regarding other VA employees. Defendant notified plaintiff that in order to receive such materials plaintiff would have to enter into a standard Protective Order that complies with the Federal Privacy Act, 5 U.S.C. § 552a. See Docket # 104. Plaintiff has refused to sign the Protective Order and thus has not received the desired materials. Should plaintiff want to review this material, it is reasonable that he be required to respect the confidentiality of third parties. See Fed. R. Civ. P. 26(c)(1). Accordingly, upon plaintiff's agreeing to the Protective Order, defendant shall provide the responsive documents to plaintiff.

Plaintiff's document request # 22 demands "all documents related to the rules and regulation [sic] guiding the application and processing of the waiver of indebtedness in the VA; the denial of waiver and the reconsideration of waiver denial in the VA." See Plaintiff's Motion to Compel ¶ 49 (Docket # 118-1). Defendant's counsel responded that she was investigating whether defendant possessed the responsive

9

documents, and would supplement the documents as appropriate. See Defendant's Response at 11 (Docket # 99). This Motion is **granted**. Defendant shall submit the requested documents to plaintiff, or file an affidavit stating that such documents do not exist, within **thirty (30) days** of this Order.

In conclusion, plaintiff's Motion to Compel (Docket # 118) is **granted in part** and **denied in part**, consistent with the above discussion.

3. Motion to Extend Discovery:

Based on the status of this case, I find that extension of the scheduling deadlines is warranted. The deadline for fact discovery shall be extended to **June 30, 2016**, and the deadline for filing dispositive motions shall be extended to **July 23, 2016**. Should plaintiff have any questions regarding procedural guidelines, he is advised to refer to the Local Rules for the Western District of New York, available on the Court's website, the Federal Rules of Civil Procedure, or he may contact the *pro se* law clerks of the Western District for procedural questions.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 10, 2016
         Rochester, New York