UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER EZEH,

        Plaintiff,

v.

ROBERT A. MCDONALD, Secretary of
Veterans Affairs,

        Defendant.

**DECISION AND ORDER**

6:13-CV-06563 EAW

---

This matter has been referred to the Honorable Jonathan W. Feldman, United States Magistrate Judge, for supervision of pretrial matters. (Dkt. 62).

On July 8, 2015, Defendant filed a motion seeking to join the Archdiocese for the Military Services as a Defendant in this matter. (Dkt. 109). On March 14, 2016, Judge Feldman entered a Report and Recommendation in which he recommended that the Court deny Plaintiff's motion. (Dkt. 136). Plaintiff has filed objections dated March 26, 2016 to Judge Feldman's Report and Recommendation. (Dkt. 139). The Court has reviewed Plaintiff's moving papers *de novo* and finds his objections to be without merit. Accordingly, for the reasons set forth in the Report and Recommendation, Plaintiff's motion to join the Archdiocese for the Military Services as a Defendant (Dkt. 109) is denied.

To the extent that Plaintiff's objections are addressed to Judge Feldman's decisions on various discovery motions (*see* Dkts. 107, 118, and 135), they are overruled. "Pursuant to Federal Rule of Civil Procedure 72(a), a party has the option of objecting to

a magistrate judge's order concerning any nondispositive pretrial matter. The district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Under this highly deferential standard of review, a district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y. 2014) (quotations and citations omitted). Here, the Court has reviewed Judge Feldman's Order (Dkt. 135) and does not find that it is clearly erroneous or contrary to law.

To the extent that Plaintiff's objections are based on his erroneous belief that Judge Feldman is without jurisdiction in this matter, both this Court and Judge Feldman have explained to Plaintiff on numerous occasions that his consent is not required for this matter to be referred to a magistrate judge for supervision of pretrial matters. Any further submissions by Plaintiff which repeat this argument will be deemed to be made in bad faith and appropriate sanctions will be considered.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 30, 2016
       Rochester, New York