**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
───────────────────────────────
CHRISTOPHER EZEH,

              Plaintiff,

v.                                                          **DECISION & ORDER**
                                                            13-CV-6563
HON. ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS,

              Defendant.
───────────────────────────────

Currently pending before the Court is defendant's motion to compel discovery and to extend discovery deadlines, filed on May 4, 2016. See Docket # 145. Plaintiff responded to the instant motion by declaration (Docket # 150), and in a motion entitled "requesting Judge to release her decision re [130] Motion for Summary Judgment." See Docket # 147. Since the submission of the instant motion to compel, plaintiff has also filed a motion for reconsideration of his summary judgment motion, which is currently before Judge Wolford. See Docket # 153. To the extent that plaintiff's motion "requesting Judge to release her decision" (Docket # 147) is responsive to defendant's instant motion to compel (Docket # 145), the following Order is intended to resolve both.

## Background

The instant motion involves a dispute over defendant's attempt to depose plaintiff. Both parties agree to the following facts: Defendant notified and confirmed that plaintiff would appear to be deposed on April 20, 2016. See

Exhibit "B" attached to Defendant's Motion to Compel (Docket # 145-1) at 11-14. Plaintiff did arrive for his deposition as scheduled, was sworn in, and began the deposition. See Declaration (Docket # 150) at 2. Plaintiff unilaterally ended the deposition after approximately ninety minutes of questioning and defendant was unable to question plaintiff about a number of claims, including alleged damages suffered. See Defendant's Motion to Compel (Docket # 145-1) at 4-6. With the instant motion, defendant has asked for the Court's help to reschedule the deposition and to extend the discovery and motions deadlines, which have now expired.

Defendant submits that his "deposition was not being conducted in good faith to achieve any further discovery but to embarrass and ridicule this Plaintiff and to make a blatant show or display of abuse of rules and regulations that guide depositions under Fed Rule 30 in the Court of Law." Notice of Motion (Docket # 147) at 2. Plaintiff alleges that counsel for the defendant "adopted the system of using finger signal[s] to tell the person who presented herself as a 'licensed Court Reporter' not to record some of her statements and some of Plaintiff's statements as the deposition was going on." Id. at 3. Plaintiff also takes umbrage with the content of counsel's questions during the deposition — that counsel asked plaintiff to disclose what documents he used to prepare for the deposition

2

— and to the form of the questions asked — that counsel used language and claims made in the EEO Acceptance Letter (Docket # 1 at 51-57) instead of using language from plaintiff's amended complaint (Docket # 78).

## Discussion

Deposition questions, as tools of discovery, may be asked "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); see Weinrib v. Winthrop-University Hospital, CV 14-953 (JFB)(AKT), 2016 WL 1122033 (E.D.N.Y. March 22, 2016). Federal Rule of Civil Procedure 30(c)(2) recognizes three exceptions under which a deponent may refuse to answer a question: 1) when necessary to preserve a privilege; 2) to enforce a court-ordered limitation; or 3) on the ground that the deposition is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent. See Fed. R. Civ. P. 30(d)(3); Baines v. City of N.Y., No. 10CV9545JMFJLC, 2016 WL 3042787, at *3 (S.D.N.Y. May 27, 2016). Outside of these narrow exceptions, it is well-established that a witness at a deposition is required to provide testimony in response to the deposing party's questions until excused by the deposing party or termination of the deposition by the court. See Fed. R. Civ. P. 30(c)(2) (all

objections to evidence and conduct issues to be placed on the record of the deposition); Scott-Iverson v. Indep. Health Ass'n, Inc., No. 13-CV-451V(F), 2016 WL 1458239, at *3 (W.D.N.Y. Apr. 14, 2016) (citing Jones v. Niagara Frontier Trans. Authority, 836 F.2d 731, 735 (2d Cir. 1987) (plaintiff's refusal to answer deposition questions at court ordered deposition absent a valid claim of privilege warranted dismissal of plaintiff's complaint)) (additional citations omitted).

So long as the topics inquired about are relevant to the case and are not subject to privilege or asked in bad faith, plaintiff may not dictate the types of questions asked or the sources from which the questions are drawn during a deposition. The Court does not find that counsel for the defendant was vexatious, misleading, or embarrassing in asking plaintiff what documents he relied on to prepare for his testimony or in asking him about the EEO complaint. Defendant's motion to compel (Docket # 145) is therefore **granted**, and defendant's motion (Docket # 147) is **denied**. The Court Orders the following:

1. Plaintiff's deposition shall take place on **January 26, 2017 at 1:00 P.M.** in the courtroom of the undersigned. The parties will have use of the courtroom until **5:00 P.M.** The undersigned will be available for the duration of the deposition should any issue arise which the parties are not able to themselves resolve.

2. Counsel for the defendant shall make all arrangements for the recording of the deposition and shall notify plaintiff at least **fifteen (15) days** prior to the deposition as to the method of recording. Once the deposition commences and plaintiff is sworn in, all proceedings will be recorded unless ordered otherwise by the Court.

3. The Court's current Scheduling Order is hereby amended. Fact discovery shall be completed by **March 1, 2017**; and dispositive motions shall be filed before Judge Wolford no later than **May 1, 2017**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: November 21, 2016
Rochester, New York