UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

CHRISTOPHER EZEH,

             Plaintiff,

v.

DAVID J. SHULKIN,[1] Secretary of the
Department of Veterans Affairs,

             Defendant.

**DECISION AND ORDER**

6:13-CV-6563 EAW

---

On May 1, 2017, *pro se* Plaintiff Christopher Ezeh ("Plaintiff") filed a motion for summary judgment. (Dkt. 162). For the reasons set forth below, Plaintiff's motion is denied without prejudice.

On May 2, 2016, the Court ordered:

that no party may file any further dispositive motions until fact discovery is completed, unless the party seeking to file a dispositive motion obtains leave of this Court and demonstrates in support of any such leave application that good cause exists for the Court to consider another dispositive motion prior to the completion of fact discovery.

(Dkt. 144 at 1-2).

Although fact discovery was to be completed by March 1, 2017 (Dkt. 154), it was not completed by that date. By Order of United States Magistrate Judge Jonathan W. Feldman entered on November 21, 2016, Plaintiff was to be deposed in Magistrate Judge Feldman's courtroom on January 26, 2017. (Dkt. 154). The Magistrate Judge made himself available to the parties "for the duration of the deposition should any issues arise

---

[1]     Defendant David Shulkin has been substituted pursuant to Fed. R. Civ. P. 25(d).

which the parties [were] not able to themselves resolve." (*Id.* at 4). Plaintiff notified the Court by letter received on January 25, 2017, that he did not intend to appear for the deposition. (Dkt. 156). Plaintiff then failed to attend the deposition. (Dkt. 158-1 at ¶ 31; *see* Dkt. 160 at 2). Plaintiff's failure to attend, in addition to other alleged discovery issues, is the subject of Defendant's motion for sanctions which is currently pending before Magistrate Judge Feldman. (Dkt. 158).

Due to the pending sanctions motion and the facts necessitating its filing, fact discovery has not been completed. Plaintiff did not request leave to file a dispositive motion prior to filing the instant motion for summary judgment. Thus, by filing the motion, Plaintiff is in violation of the Court's May 2, 2016, Decision and Order.

The Court has the "inherent power to control its docket" as "part of its function of resolving disputes between parties." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also U.S. v. Mosquera*, 813 F. Supp. 962, 966 (E.D.N.Y. 1993) ("The district court has the inherent power to control its own docket to ensure that cases proceed in a timely and orderly fashion."). This inherent power includes "the discretion to dictate the timing of a motion." *Charter Nat. Life Ins. Co. v. FPL Grp. Capital, Inc.*, No. 95 CIV. 9067 (SAS), 1997 WL 151033, at *1 (S.D.N.Y. Apr. 1, 1997) (ordering completion of discovery prior to filing of summary judgment motion); *see also Riddle v. Claiborne*, No. 00 CIV. 1374 (MBM), 2001 WL 1352456, at *1 (S.D.N.Y. Nov. 2, 2001) (directing plaintiff "not to file any further substantive motions before the close of discovery without leave of the court").

Given Plaintiff's repeated filing of premature summary judgment motions in this action (*see* Dkt. 144), it is hereby ORDERED that <u>no party may file a motion for</u>

<u>summary judgment until after the pending motion for sanctions is decided and without first seeking and obtaining leave from the undersigned.</u>

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. 162) is denied without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: May 8, 2017
      Rochester, New York