

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
CHRISTOPHER EZEH,

                Plaintiff,

v.                                   **DECISION & ORDER**
                                          13-CV-6563
HON. ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS,

                Defendant.
_____

## Factual Background

Pending before the Court is defendant's motion for sanctions. Defendant filed this motion in response to plaintiff's most recent failure to appear for his scheduled deposition. See Docket # 158. Defendant has asked the Court to dismiss the action or to otherwise impose sanctions on plaintiff. See Fed. R. Civ. P. 37(b), (d).

The facts relevant to the present dispute are as follows. Defendant originally noticed plaintiff's deposition for June 24, 2015 at 10:00 a.m. See Notice (Docket # 88). Plaintiff did not appear for his deposition. On July 8, 2015 defendant filed a motion to compel plaintiff to appear for a deposition. Docket # 107. On March 10, 2016, the Court granted defendant's motion to compel and ordered that plaintiff appear for a deposition within forty-five days. Docket # 135 at 3.

The parties rescheduled plaintiff's deposition for April 20, 2016 at 9:00 a.m. Plaintiff appeared at the scheduled date and time and was sworn in. However, plaintiff unilaterally terminated the deposition after approximately ninety minutes of questioning,

and defense counsel was unable to question plaintiff about a number of relevant issues including alleged damages suffered. See Order (Docket # 154). Plaintiff claimed that there were irregularities that occurred during the deposition and that it was not conducted in good faith. See Docket # 150 at 35.

Defendant again filed a motion to compel on May 4, 2016. Docket # 145. The Court granted that motion on November 21, 2016, and in an effort to avoid further disputes, directed the deposition to be conduct in the courtroom with the Court available to resolve any issues that might arise. The rescheduled deposition was to occur on January 26, 2017 at 1:00 p.m. See Docket # 154.

On January 25, 2017, the Court received a letter from plaintiff requesting an adjournment of the deposition, stating that plaintiff would be on a group pilgrimage trip to Israel at the scheduled time, and that the trip was scheduled and paid for in October 2016. See Docket # 156. Plaintiff also cited to a recent burglary at his apartment as a reason for his inability to appear at the deposition. Id. The letter was dated January 20, 2017, and was postmarked January 23, 2017. Id. On January 26, 2017, defense counsel appeared for the scheduled deposition along with a court reporter. Plaintiff did not appear. On February 9, 2017, the Court received a letter from plaintiff entitled "my return from Israel and readiness for deposition." Docket # 157. Defendant's instant motion followed. Docket # 158. Based on what

2

defense counsel describes as plaintiff's "vexatious behavior," including his refusal to meaningfully participate in the discovery process, defendant seeks dismissal of plaintiff's complaint, or in the alternative, the imposition of sanctions.

## Discussion

The plaintiff's behavior in prosecution of his claims is documented in the record and need not be repeated here. Suffice it to say that plaintiff's conduct has made it difficult for both defense counsel and the Court to advance this case to trial or other disposition. Judge Wolford has repeatedly admonished plaintiff for engaging in "frivolous conduct" and has warned plaintiff that if such conduct continues he risks sanctions or injunctive penalties. See Docket ## 77, 82, 144. In supervising discovery, this Court has also previously warned plaintiff that should he refuse to appear for his deposition or fail to cooperate in the discovery process, the Court would consider sanctions. See Docket # 135 at 3-4.

Any litigant in federal court, including pro se litigants, must abide by court rules and procedures. "Although pro se litigants should be afforded latitude, they 'generally are required to inform themselves regarding procedural rules and to comply with them,'" especially in civil litigation. LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (internal

3

citations and quotations omitted). By Order entered November 21, 2016, plaintiff was directed to appear for his deposition on January 26, 2017 at 1:00 p.m. in my courtroom. Waiting until the day before the scheduled deposition to notify the Court that he would be on a pilgrimage to Israel and unavailable for his court-ordered deposition is unacceptable conduct. "All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal quotations and citations omitted). Pursuant to Rule 37 of the Federal Rules of Civil Procedure, this Court has authority to impose sanctions if a party fails to comply with a discovery order. See Fed. R. Civ. P. 37(b)(2)(A)(v)). I find that a sanction is appropriate here.

When imposing sanctions under Rule 37, a district court may consider factors including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance. See Doe v. Delta Airlines Inc., 672 F. App'x 48, 50 (2d Cir. Nov. 29, 2016) (citing Agiwal v. Mid Island Mortg. Corp., 555 F.3d at 301). Plaintiff has failed to appear for two scheduled depositions, and unjustifiably terminated a deposition after only ninety minutes of

4

questioning by defense counsel. He has received specific warnings from this Court and Judge Wolford that his conduct in prosecuting his case could result in sanctions. Based on a full consideration of the history of the plaintiff's conduct in this action, I conclude that the imposition of costs is an appropriate sanction for plaintiff's failure to appear for his deposition. "[P]reparation for the deposition necessitated considerable time and effort . . . [and] [h]aving inconvenienced defense counsel . . . it is plaintiff who should bear the costs incurred as a result of his own failure to appear." Nevarez v. Hunt, 288 F.R.D. 270, 271 (W.D.N.Y. 2013).

Accordingly, plaintiff is hereby **ORDERED to pay $100** for the cost of the court reporter in attendance for the deposition on January 26, 2017 which plaintiff failed to attend without adequate, timely notice. See Ex. "E" attached to Def.'s Mot (Docket # 158-2) at 27 (invoice from Depaolo Crosby Reporting Services for $100); see also Cole-Hoover v. United States, 14-CV-429S(F), 2016 WL 6070151 (W.D.N.Y. Oct. 17, 2016) (directing *pro se* plaintiff to reimburse defense counsel for cost of missed deposition). Such payment must be in the form of a certified check and mailed to defense counsel within **fourteen (14) days of entry of this Decision and Order.**

Further, this Order serves as the plaintiff's final warning that he must appear for the completion of his deposition and may

not unreasonably object to or obstruct the questioning of defense counsel. Plaintiff's deposition shall take place on **November 7, 2017 beginning at 1:00 p.m.** in the courtroom of the undersigned, at 100 State Street, Rochester, NY 14614. Any party unable to attend must submit to the Court in writing the reasons for their inability to attend no later than **October 20, 2017**. <u>FAILURE TO COMPLY WITH THIS DECISION AND ORDER MAY SUBJECT PLAINTIFF TO SANCTIONS PURSUANT TO FED.R.CIV.P 37(b)(2)(A) AND 37(d)(1)(A), INCLUDING DISMISSAL WITH PREJUDICE OF THIS ACTION</u>.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   September 20, 2017
         Rochester, New York